IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BAKKEN RESOURCES, INC.

*Plaintiff*,                                             Civil Action No. 1:15-cv-08686 ALC

v.

JOSEPH R. EDINGTON, et. al.

*Defendants*

_____

**DEFENDANTS' STATUS CONFERENCE STATEMENT**
_____

1.     The Defendants, Joseph Edington, Jerod Edington, IWJ Consulting Group LLC, American Cordillera Mining Corporation, Marycliff Investment Corporation and Triax Capital Management Inc. ("Defendants") submit this Statement in anticipation of the Court ordered Status Conference of April 13, 2017.

2.     This case was brought as a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") action against the persons that helped establish a Montana shale oil property leasing company, Bakken Resources Inc. ("Bakken"). In response to the filing of this law suit and other actions taken by the Bakken Board of Directors, a majority of the shareholders took action by written consent to regain control of Bakken. The Bakken control dispute is before the Montana State Court in the Lewis & Clark County Montana, First Judicial District DDV 2016-612 (the "Underlying Montana Action"). Judge Reynolds of the Montana Court granted preliminary

1

injunctive relief against counsel herein Wesley J. Paul and members of the displaced Bakken Board. Judge Reynolds' ultimate ruling, if in line with the granted preliminary injunction, would likely end these proceedings.

3.     On July 20 2016, the Bakken Board of Directors, installed by the written consent of a majority of the Bakken shareholders, resolved to terminate Mr. Paul as Bakken's corporate counsel and place all litigation on "hold" pending review. It is notable that Mr. Paul, a Defendant in the Underlying Montana Action -in violation of his duty of candor to this Court, did not disclose the existence of the Montana proceedings to this Court, or the action of the Board divesting him of the power or authority to pursue this case.

4.     A brief chronology of the Underling Montana Action provides the factual context of that legal proceeding which will determine: 1) the governance of Bakken; 2) the status of Plaintiff's counsel herein Wesley J. Paul as corporate counsel; and 3) the company's continued prosecution of this civil RICO action.

5.     A synopsis of the of Montana proceedings, along with a number of exhibits from that case, including that court's most recent rulings, should help to inform this Court and place our RICO case in context.

<u>July 20, 2016</u> -     A majority of Bakken shareholders, led by Allan Holms and former plaintiff herein now deceased Val Holms, took shareholder action by written consent which among other resolves: replaced the Bakken Board of Directors (Dan Anderson CEO); terminated Wesley J. Paul as corporate counsel; and instituted a "Litigation Hold" on all active litigation involving the company pending Board review.

<u>July 21, 2016</u> -     The newly voted Holms Board of Directors filed an action against Paul et.al. in the First Judicial District, Lewis & Clark County, State of Montana, CDV 2016-611 seeking a TRO and Injunctive relief. (Exhibit A – *Complaint and Jury Demand*)

<u>July 21, 2016</u> - The displaced Anderson Board of Directors filed an action against Holms et.al. in the First Judicial District, Lewis & Clark County, State of Montana, DDV 2016-612 seeking a TRO and Injunctive relief. (Exhibit B - *Complaint and Application for TRO and Injunctive Relief*)

CDV 2016-611 and DDV 2016-12 were consolidated for adjudication under case number DDV 2016-612.

<u>July 22, 2016</u> - The Anderson Board was granted a TRO prohibiting actions by the Holms Board pending hearing on August 1, 2016, continued to August 8, 2016. (Exhibit C – *Order Granting TRO and Order to Show Cause*)

<u>August 8, 2016</u> - A hearing was held. Wesley J. Paul was present and subsequently submitted an affidavit ISO the actions of the Anderson Board. (Exhibit D – *Affidavit of Wesley J. Paul*)

<u>October 19, 2016</u> - After intervening disputes, the Holms Board was granted a TRO against the Anderson Board pending hearing on November 9, 2016. (Exhibit E – *Application for Limited TRO – Temporary Restraining Order*)

<u>December 12, 2016</u> - A hearing was held.

<u>January 9, 2017</u> - A Preliminary Injunction was granted the Holms Board reiterating the restraints upon the Anderson Board of the October 19, 2016 TRO. An evidentiary hearing was set for February 28, 2017. As stated by the Montana Court in its Preliminary Injunction, at issue is "whether the July 20, 2016 election of a new Board of Directors (Allan Holms, et.al.) was valid and enforceable…" (Exhibit F – *Order Granting Preliminary Injunction and Ordering Evidentiary Hearing*)

<u>Current Status</u> - The Preliminary Injunction of January 9, 2017 remains in effect. The court notified counsel that the evidentiary hearing set for February 28, 2017 was cancelled and a decision would be made based upon the record.

5. In light of the fact that the ruling in the Underlying Montana Action will determine whether Mr. Paul has lacked authority to act as corporate counsel since July 20, 2016, and whether Bakken shall continue to pursue this case, the Defendants suggest that a brief stay of the proceedings herein pending the imminent ruling by Judge Reynolds.

6. In the event that this Court decides to deny a brief stay and proceed with case scheduling, the Defendants request a limited first phase of discovery on the question of disqualification of Mr. Paul, and a pre-motion conference on an anticipated motion to dismiss Plaintiff's claims.

7. The Court's Order of March 29, 2017 (Doc #64) denied without prejudice Defendants' Motion to Disqualify Mr. Paul, while indicating that the final determination of the merits of Defendants' motion will turn on the evidentiary findings of who, if anyone besides Mr. Edington and Mr. Paul attended their meetings including the pivotal one in New York. That information will allow the Court to determine whether or not the conversations between them were privileged, whether or not Mr. Paul was in fact acting as Mr. Edington's attorney in connection with matters relevant to this action, and whether or not Mr. Paul's testimony would be necessary as the only party witness to relevant events. So, the Defendants suggest that efficient case management would require a limited first phase of discovery aimed at answering only those dispositive questions.

8.. This Court's Order of March 4, 2016 (Doc #40) denied without prejudice Defendants' request for a pre-motion conference on an anticipated motion to dismiss Plaintiff's claims (Doc #39). The Court stated that the Defendants could, following the resolution of the motion to disqualify counsel Wesley J. Paul, request a pre-motion conference in anticipation of a motion to dismiss. This Court having denied the Defendants' motion to dismiss counsel (Doc #64), the Defendants renew their request for such a conference.

WHEREFORE the Defendants respectfully request that this Court consider issuing an Order:

1. Staying this action pending the imminent dispositive ruling in the Underlying Montana Action that will determine: whether Mr. Paul lacks the authority to act as counsel for Bakken; and whether Bakken intends to withdraw its claims.
2. Allowing limited discovery on the question of disqualification of Mr. Paul from this action, and
3. Scheduling a pre-motion conference on an anticipated Motion to Dismiss Plaintiff's claims should this Court prefer to proceed with case scheduling prior to Judge Reynolds' ruling.

This 12th of April, 2017                                                    Submitted by:

*[signature: Michael Strage]*

_____

Michael M. Strage  (6674)
Law Office of Michael Strage
425 Madison Ave Suite 902
New York N.Y. 10017
(646) 642-0701
michaelstrageesq@gmail.com
Attorney for Defendants