Micheal. F. Lamb
James P. Carey
LAMB & CAREY
2601 Broadway
Helena, MT 59601
(406) 457-1100
(406) 441-2100 (fax)
lambo@lambandcarey.com

## MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS & CLARK COUNTY

| | |
|---|---|
| BAKKEN RESOURCES, INC., a Nevada corporation, | NO. DDV 2016-611 |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | |
| DANIEL D. ANDERSON, a married person, KAREN S. MIDTLYNG, a married person, WESLEY J. PAUL, a married person, and JOHN DOES NOS. 1-10, | JAMES P. REYNOLDS Presiding Judge |
| Defendants. | |

### PARTIES

1. Plaintiff Bakken Resources, Inc. ("BRI" or the "Corporation") is a Nevada corporation whose principal place of business is in Lewis & Clark County, Montana. Plaintiff BRI is licensed, registered, and authorized to conduct business in the State of Montana. Plaintiff BRI's primary business is as a royalty company in the business of leasing oil and gas properties to oil and gas production companies.

COMPLAINT - 1

2. Defendant Daniel D. Anderson upon information and belief is a resident of Lewis & Clark County, Montana. Defendant Anderson is Plaintiff BRI's former Chief Financial Officer/Acting President and a former member of the Corporation's Board of Directors.

3. Defendant Karen S. Midtlyng upon information and belief is a resident of Lewis & Clark County, Montana. Defendant Midtlyng is Plaintiff BRI's former Corporate Secretary and a former member of the Corporation's Board of Directors.

4. Defendant Wesley J. Paul upon information and belief is a resident of the State of New York. Defendant Paul is Plaintiff BRI's former Corporate Counsel.

5. Jurisdiction and venue are proper in this Court.

## FACTS

6. Plaintiff BRI's Bylaws provide that *"directors shall be elected at an annual meeting of stockholders."*

7. Plaintiff BRI's Bylaws further require that *"[t]he annual meeting of stockholders shall be held each year within 180 days of the end of the prior fiscal year, on a date and at a time designated by the board of directors or as otherwise determined by the board of directors."*

8. Since November 2014, Plaintiff BRI's then-incumbent Board of Directors negligently, fraudulently, and/or intentionally failed to hold an Annual Meeting of Stockholders as required by the plain language of the Bylaws.

9. As a result, no Directors were elected by the Stockholders during the time period between November 2014 and July 2016.

10. Plaintiff BRI's Bylaws expressly provide that any action required or permitted to be taken at an Annual or Special Meeting of Stockholders *"may be taken without a meeting, without prior notice, and, without a vote if a consent in writing, setting forth the action so taken, is signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted."*

11. In addition, each stockholder of Plaintiff BRI *"shall be entitled to one vote for each share of capital stock held by such stockholder."*

12. Notably, Plaintiff BRI's Articles of Incorporation expressly guarantee *"the right to vote, in person or by proxy..."*

13. The Corporation's Bylaws reiterate that right: *"Each stockholder entitled to vote at a meeting of stockholders or to express consent or dissent to corporate action in writing without a meeting may authorize another person or persons to act for him by a written proxy, signed by the stockholder and filed with the secretary of the corporation..."*

14. The Bylaws continue: *"A proxy shall be deemed signed if the stockholder's name is placed on the proxy (whether by manual signature, fax,*

*typewriting, telegraphic transmission or otherwise) by the stockholder or the stockholder's attorney in fact."*

15. Prior to July 20, 2016, stockholders holding a majority of the Corporation's issued and outstanding stock appointed Allan Holms as their Proxy pursuant to duly-executed written proxies.

16. Pursuant to those written proxies, Allan Holms was expressly authorized by the holders of a majority of the Corporation's issued and outstanding stock (1) to vote those stockholders' BRI stock; (2) to express consent to corporate actions in writing without a meeting; and (3) to exercise in any and all stockholder rights, powers, or privileges of the respective stockholders.

17. On July 20, 2016, those signed written proxies were filed with former Corporate Secretary Defendant Midtlyng, consistent with Plaintiff BRI's Bylaws.

18. Indeed, because the respective stockholder's names were *"placed on the proxy ... by the stockholder,"* each proxy as a matter of law *"shall be deemed signed..."*

19. Also on July 20, 2016, the holders of a majority of the Corporation's issued and outstanding stock, by and through their duly-appointed Proxy Allan Holms, executed the *"Bakken Resources, Inc. Stockholder Action By Written Consent Without A Meeting"* (the "Stockholder Consent").

20. In doing so, the holders of a majority of the Corporation's issued and outstanding stock elected three Successor Directors to Plaintiff BRI's Board of Directors: Allan Holms, Todd Jensen, and Allen Collins.

21. That same day, July 20, 2016, the duly executed Stockholder Consent was delivered to former Corporate Secretary Defendant Midtlyng.

22. The newly elected Board of Directors then held its first Board Meeting.

23. At the July 20, 2016 initial Meeting of BRI's Board of Directors, the Board unanimously:

- Terminated Defendant Midtlyng's employment and removed her from the office of Secretary of the Corporation;

- Terminated Defendant Anderson's employment and removed him from the office of Chief Financial Officer/Acting President of the Corporation;

- Terminated former Corporate Counsel Defendant Wesley J. Paul "effective immediately";

- Elected new Corporate Officers; and,

- Retained Dunn & Black, P.S. as Corporate Counsel to Plaintiff BRI.

24. Also at the July 20, 2016 Board Meeting, Plaintiff BRI's Board of Directors unanimously resolved that:

- *"the history, status, and necessity of the Company's active litigation, if any, should be reviewed to determine whether the interests of the Company and its Stockholders are best served by continued litigation;"*

- *"to allow sufficient time to complete such a review, it is in the best interest of the Company and its Stockholders to institute a "Litigation Hold" with respect to any and all active litigation involving the Company;"* and,

- *"any and all outside counsel/trial counsel currently retained or employed by the Company shall be instructed to observe a "Litigation Hold" with respect to the Company's active litigation to allow sufficient time for the Company to complete the desired review."*

25. Further, to protect the assets and property of the Plaintiff Corporation and its stockholders, the unanimous Board of Directors expressly authorized and directed Corporate President Allan Holms to close Plaintiff BRI's bank accounts *"as soon as is practicable"*.

26. However, in brazen disregard of the unanimous resolution of Plaintiff BRI's duly-elected Board of Directors, Defendant Midtlyng and Defendant Anderson inexplicably, unlawfully, and without justification or authorization refused to vacate Plaintiff BRI's corporate office and continue to date to hold themselves out as Officers/employees of Plaintiff BRI and to trespass upon corporate premises.

27. Likewise, despite Defendant Paul's unequivocal duty to withdraw from the representation of a client if he is discharged, Defendant Paul has to date unilaterally, unlawfully, and without justification refused to withdraw and continues to hold himself out as Plaintiff BRI's legal representative.

28. Further, despite receiving actual notice (1) that Plaintiff BRI terminated former Corporate Counsel Defendant Paul's representation and (2) that the Corporation is instituting a "Litigation Hold" effective immediately with respect to any and all pending litigation involving BRI, certain outside counsel/trial counsel previously retained by Defendant Paul inexplicably, unlawfully, and without justification have to

COMPLAINT - 6

date refused to abide by Plaintiff BRI's decision concerning the objectives of representation, including but not limited to the requested "Litigation Hold."

29. As long as Defendant Midtlyng and Defendant Anderson unlawfully and without justification retain control of and access to Plaintiff BRI's confidential and/or proprietary information, including but not limited to the Corporation's banking and financial accounts, corporate records, office equipment, and other property, Plaintiff BRI has a well-grounded fear of immediate invasion of its rights by Defendants Midtlyng and Anderson.

30. In addition, as a result of the continuing unlawful misconduct of former Corporate Counsel Defendant Paul, Plaintiff BRI has a well-grounded fear of immediate invasion of its rights by Defendant Paul.

31. As a direct result of Defendants' unlawful misconduct, Plaintiff BRI has and will suffer irreparable harm and has suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## FIRST CAUSE OF ACTION
### (Injunctive Relief)

32. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

33. Plaintiff BRI's stockholders have a clear legal and/or equitable *"right to vote, in person or by proxy"* for Corporate Directors, as well as to take action without a meeting, without prior notice, and without a vote by duly-executed written consent(s).

34. In addition, Plaintiff BRI has a clear legal and/or equitable right to terminate and remove from Corporate Office Defendant Midtlyng and Defendant Anderson; to terminate its previous attorney-client relationship with former Corporate Counsel Defendant Paul; to direct and control its attorney-client relationship with outside counsel/trial counsel previously retained by Defendant Paul; and to manage the business and affairs of the Corporation through the majority vote of its duly constituted Board of Directors.

35. Plaintiff BRI has a well-grounded fear of immediate invasions of its rights by Defendants.

36. Defendants' actions will result in actual, substantial, and irreparable injury, loss, or damage to Plaintiff BRI and to its stockholders.

37. Plaintiff BRI is entitled to injunctive relief prohibiting Defendants from taking or attempting to take any action as purported Corporate Officers, employees, Directors, and/or legal counsel of Plaintiff BRI, from interfering with Plaintiff BRI's ongoing business operations, and/or from entering onto Plaintiff BRI's property.

### SECOND CAUSE OF ACTION
(Declaratory Relief – MCA § 27-8-101 et seq.)

38. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

39. Plaintiff BRI's Articles of Incorporation and Bylaws, by their terms, expressly provide that Corporate Directors shall be elected by majority vote at an

Annual Meeting of Stockholders; that stockholder action *"may be taken without a meeting, without prior notice, and, without a vote if a consent in writing, setting forth the action so taken, is signed"* by the required number of votes; that stockholders have the *"right to vote, in person or by proxy"* for Corporate Directors; that such stockholders *"may authorize another person or persons to act for him by a written proxy, signed by the stockholder and filed with the secretary of the corporation..."*; that *"[a] proxy shall be deemed signed if the stockholder's name is placed on the proxy (whether by manual signature, fax, typewriting, telegraphic transmission or otherwise) by the stockholder or the stockholder's attorney in fact."*

40. The holders of a majority of the issued and outstanding stock of Plaintiff BRI did in fact authorize Allan Holms to act by written proxies, signed by the stockholders, and filed with former Corporate Secretary Defendant Midtlyng.

41. On July 20, 2016, the holders of a majority of the issued and outstanding stock of Plaintiff BRI, by and through their duly appointed and lawfully authorized proxy Allan Holms did in fact elect Successor Directors pursuant to the Stockholder Consent.

42. Also on or about July 20, 2016, the newly elected and duly constituted Board of Directors of Plaintiff BRI did in fact terminate the employment of Defendants Midtlyng and Anderson; remove those Defendants from their position as officers of the Corporation; terminate the representation of former Corporate Counsel Defendant Paul,

effective immediately; and take such other action as deemed by the Board of Directors to be necessary and prudent in the management of Corporate affairs.

43.   Despite the unequivocal plain language of the Plaintiff Corporation's Articles of Incorporation and Bylaws, Defendants Midtlyng, Anderson, and/or Paul inexplicably, unlawfully, and without justification continue to take and/or attempt to take action as purported Corporate Officers, employees, Directors, and/or legal counsel of Plaintiff BRI.

44.   Plaintiff BRI is entitled to a declaratory ruling that (1) the signed, written Stockholder Proxies filed with former Corporate Secretary Defendant Midtlyng are valid and effective as a matter of law; (2) the election of Successor Directors Allan Holms, Todd Jensen, and Allen Collins by and through the written Stockholder Consent is valid and effective as a matter of law; (3) the July 20, 2016 actions of the Corporation's duly authorized Board of Directors are in force and effect as a matter of law. A ruling from this Court will verify and confirm the status of the parties to these proceedings.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

45.   Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

46.   Plaintiff entered into certain written and/or oral contracts and agreements with Defendant Midtlyng, Defendant Anderson, and/or Defendant Paul.

47. Plaintiff performed all of its obligations under these contracts.

48. Defendants have breached the express and/or implied obligations of these contracts.

49. As a direct and proximate result of Defendants' breach of contract conduct, Plaintiff BRI has suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## FOURTH CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

50. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

51. Implied by law into the terms of every written and oral agreement is a covenant of good faith and fair dealing.

52. Defendants Midtlyng, Anderson, and/or Paul failed to exercise honest judgment and/or failed to observe reasonable commercial standards of fair dealing in each Defendant's conduct with Plaintiff.

53. As a direct and proximate result of Defendants' breaches of this covenant, Plaintiff BRI suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

54. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

55. Defendants Midtlyng and Anderson were Officers, Directors, and employees of Plaintiff BRI, and at all times material hereto owed fiduciary duties to the Corporation and its stockholders, including but not limited to duties of service and obedience, and duties of loyalty.

56. Defendant Paul was Corporate Counsel to Plaintiff BRI, and at all times material hereto owed fiduciary duties to the Corporation and its stockholders.

57. On or about July 20, 2016, Plaintiff BRI did in fact terminate the employment of Defendant Midtlyng and Defendant Anderson and remove them from their previous positions as officers of the Corporation.

58. Also on or about July 20, 2016, Plaintiff BRI did in fact terminate the representation of former Corporate Counsel Defendant Paul.

59. However, Defendant Midtlyng, Defendant Anderson, and Defendant Paul unlawfully and without justification breached their duty to act in a manner consistent with the termination of their actual agency authority by Plaintiff BRI.

60. As a direct and proximate result of Defendants' breach of fiduciary duty conduct, Plaintiff BRI has suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

### SIXTH CAUSE OF ACTION
(Conversion/Misappropriation)

61.  Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

62.  Defendant Midtlyng and/or Defendant Anderson willfully interfered with Plaintiff's property, including but not limited to Corporate assets and funds, without lawful justification.

63.  Defendant's willful interference with Plaintiff's property deprived Plaintiff of possession of its property.

64.  As a direct and proximate result of Defendants' conversion/ misappropriation, Plaintiff has suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## SEVENTH CAUSE OF ACTION
### (Trespass/Wrongful Occupation of Real Property)

65.  Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

66.  Defendants Midtlyng and/or Anderson willfully and intentionally entered Plaintiff BRI's property and proceeded to willfully and intentionally interfere with Plaintiff BRI's right of exclusive possession of its property and premises.

67.  Defendants Midtlyng and/or Anderson thereafter wrongfully caused injury to Plaintiff BRI's property, causing substantial, permanent and/or temporary damage to Plaintiff BRI's property.

COMPLAINT - 13

68. As a direct and proximate result of Defendants' willful and intentional interference with and wrongful occupation of Plaintiff BRI's real property, Plaintiff has suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For a preliminary and permanent injunction prohibiting Defendants from taking or attempting to take any action as purported Corporate Officers, employees, Directors, and/or legal counsel of Plaintiff BRI, from interfering with Plaintiff BRI's ongoing business operations, and/or from entering onto Plaintiff BRI's property;

2. For an Order declaring that (1) the signed, written Stockholder Proxies filed with former Corporate Secretary Defendant Midtlyng are valid and effective as a matter of law; (2) the election of Successor Directors Allan Holms, Todd Jensen, and Allen Collins by and through the written Stockholder Consent is valid and effective as a matter of law; (3) the July 20, 2016 actions of the Corporation's duly authorized Board of Directors are in force and effect as a matter of law;

3. For judgment against Defendant Midtlyng and/or Defendant Anderson in such amounts as are proven at trial;

4. For pre-judgment and post-judgment interest as allowed by law;

5. For attorney fees and costs as allowed by contract, law, or equity; and

6. For such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues in this case.

DATED this __21__ day of July, 2016.

                      LAMB & CAREY

                      _/s/ James P. Carey_
                      James P. Carey
                      Attorneys for Plaintiff Bakken Resources, Inc.