John C. Doubek
DOUBEK, PYFER & FOX, LLP
307 North Jackson
P.O. Box 236
Helena, MT 59624
Telephone: (406) 442-7830
Facsimile: (406) 442-7839

MICHELLE WRAY

Attorney for Defendants

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY

\* \* \* \* \* \*

| | | |
|---|---|---|
| BAKKEN RESOURCES, INC., | ) | Cause No. DDV 2016-612 |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR LIMITED |
| | ) | TEMPORARY RESTRAINING |
| vs. | ) | ORDER |
| | ) | |
| VAL M. HOLMS, ALLAN G. HOLMS, TODD JENSEN and ALLEN COLLINS, | ) | |
| | ) | |
| Defendants and Third Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KAREN MIDTLYNG, DANIEL D. ANDERSON, and WESLEY J. PAUL, And John Does 1-10, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

\* \* \* \* \* \*

Defendants Allen Holms, Todd Jenson and Allen Collins, respectfully apply for a limited temporary restraining order. This application is supported with the attached Memorandum and exhibits 1-29 and advanced as follows:

1

1. Bakken Resources, Inc., (BRI) recently announced a shareholders meeting for October 25, 2016.
2. In the shareholders meeting notice, BRI states that Eagle Private Equity Inc., (Eagle Equity) will participate as a shareholder with 51.4% of all voting power, thereby nullifying all actions which might be taken by other existing shareholders.
3. Eagle Equity should not have received any stock for many reasons:
    a) There is no proof they paid for the stock;
    b) 51.4% for an alleged $600,000 (assuming payment) when BRI has millions of dollars in the bank is absurd on its face;
    c) The stock was given to Eagle Equity to prevent action by existing shareholders which action as argued by Eagle Equity through BRI's attorney was of no consequence anyway;
    d) It puts someone (Carl George of Eagle Equity) in a total control situation who obviously misled BRI management into doing the deal with Eagle Equity
    e) The transfer of a controlling interest to Eagle Equity never received shareholder approval, in violation of Nevada law
    f) The transaction with Eagle Equity should not have occurred because there was no triggering event according to both BRI and Eagle Equity.
4. As demonstrated in the attached Memorandum, attorney Wes Paul and Carl George together schemed and implemented a plan to take away the company (BRI) for their own benefit. Even the president of BRI, Dan Anderson, has testified that for $600,000 (assuming it was paid) Eagle Equity could liquidate the

company with cash and revenue alone exceeding $7M and pocket 51.4% of the money.

WHEREFORE, Defendants pray that this Court enter the attached proposed Temporary Restraining Order for the reasons set forth herein and in the attached Memorandum.

DATED this 19th day of October, 2016.

DOUBEK, PYFER & FOX, LLP

By _____
John C. Doubek
Attorney for Defendants
and Third Party Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2016, I served a true and correct copy of the foregoing upon claimant by inserting a copy of the same in a stamped envelope and depositing it in the United States Post Office at Helena, Montana, addressed as follows:

Oliver Goe
Browning, Kaleczyc, Berry & Hoven, P.C.
PO Box 1697
Helena, MT 59624

_____



NANCY SWEENEY
CLERK DISTRICT COURT

MICHELLE WRAY

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY

\* \* \* \* \* \*

| | |
|---|---|
| BAKKEN RESOURCES, INC., | Cause No. DDV 2016-612 |
| Plaintiff, | |
| vs. | TEMPORARY RESTRAINING ORDER |
| VAL M. HOLMS, ALLAN G. HOLMS, TODD JENSEN and ALLEN COLLINS, | |
| Defendants and Third Party Plaintiffs, | |
| vs. | |
| KAREN MIDTLYNG, DANIEL D. ANDERSON, and WESLEY J. PAUL, And John Does 1-10, | |
| Third Party Defendants. | |

\* \* \* \* \* \*

  The Court having reviewed Allen Holms, Todd Jenson and Allen Collins' Application for A Temporary Restraining Order and Brief in Support, and good cause showing, HEREBY ORDERS that Plaintiff BRI and its agents are hereby:

  1. Temporarily enjoined from holding an annual meeting until 60 days after the Court decides whether the July 20, 2016, election of a new Board of Directors

1

was valid and enforceable; whether or not the Eagle transaction was fraudulent; and whether there was a triggering event allowing Eagle to convert its loan to stock.

2. Temporarily enjoined from allowing Eagle to vote on any matters at any time, including an annual meeting or a motion by shareholder consent, until the Court issues a ruling whether the July 20, 2016, election of a new Board of Directors was valid and enforceable; whether or not the Eagle transaction was fraudulent; and whether there was a triggering event to allow Eagle to convert its loan to stock.

IT IS FURTHER ORDERED that Plaintiff BRI and its agents shall show cause why the Temporary Restraining Order should not be made permanent pending further proceedings herein. The Court has set this Order to Show Cause to be heard in open Court the 7th day of November, 2016, at 10:00 o'clock am/pm.

This Order to Show Cause shall be served forth on Plaintiff BRI's counsel, Oliver Goe, immediately.

Dated this 19 day of October, 2016.

**JAMES P. REYNOLDS**
_____
HONORABLE JAMES P. REYNOLDS
DISTRICT JUDGE

cc. John Doubek
Oliver Goe

2