ANGIE SPARKS
CLERK DISTRICT COURT

2017 JAN -9 PM 1: 18

FILED
BY I. DILLMAN
DEPUTY

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

* * * * * *

| | |
|---|---|
| BAKKEN RESOURCES, INC., | Cause No. DDV 2016-612 |
| Plaintiff, | |
| vs. | |
| VAL M. HOLMS, ALLAN G. HOLMS, TODD JENSEN and ALLEN COLLINS, | ORDER GRANTING PRELIMINARY INJUNCTION AND ORDERING EVIDENTIARY HEARING |
| Defendants and Third Party Plaintiffs, | |
| vs. | |
| KAREN S. MIDTLYNG, DANIEL D. ANDERSON, and WESLEY J. PAUL, | |
| Third Party Defendants. | |

* * * * * *

The matter of this Court's October 19, 2016 *Temporary Restraining Order* ("TRO") came before this Court for a hearing at 10:00 a.m. on December 12, 2016. All parties were represented by their respective counsel.

1

This Court's said TRO ordered that Bakken Resources, Inc. ("BRI") was enjoined from holding an annual meeting until 60 days after the Court decides whether the July 20, 2016, election of a new Board of Directors was valid and enforceable; whether the Eagle transaction was fraudulent; and whether there was a triggering event allowing Eagle to convert its loan to stock. Further, this Court's said TRO ordered that Eagle was enjoined from voting on any matters at any meeting, including an annual meeting, or a motion by shareholder consent, until the Court issues a ruling whether the July 20, 2016 election of a new Board of Directors (Allan Holms, et al.) was valid and enforceable; whether the Eagle transaction was fraudulent; and whether there was any triggering event to allow Eagle to convert its loan to stock. BRI was ordered to show cause "why the Temporary Restraining Order should not be made permanent pending further proceedings herein."

At the 12/12/2016 hearing, BRI offered no evidence in contradiction to the TRO ruling. It merely deferred to decisions of the Nevada court some made preliminarily and to be made tentatively in the spring. This Court is aware that rulings in Nevada have varied. For example, one court found Eagle Equity transaction was a sham and another that it was an exercise of business judgment. Based on the lack of any factual presentation from BRI per the TRO, this Court grants Defendants and Third Party Plaintiffs (Allan Holms, et al.) a preliminary injunction on precisely those issues addressed within this October 19, 2016 TRO. Further, with respect to the efforts of Allan Holms, Todd Jensen, and Allen Collins to take control of the Board of Directors, it is necessary in this Court's view that we have an evidentiary hearing on this precise issue to determine if those efforts were proper/lawful/and ought to be approved by this Court.

Further, the Eagle Equity stock conversion admittedly occurred after Allan Holms' actions and may be of no real consequence if the Allan Holms efforts to control the Company are approved by this Court, because a different Board of Directors would be involved at that juncture. Parenthetically, Allan Holms was prepared at the 12/12/2016 hearing to offer evidence through his own testimony and that proffered from a Professor Daniel Morrissey. This Court believed it preferable that such testimony be given at the upcoming evidentiary hearing. This Court will likewise hold an evidentiary hearing on the legitimacy of the Eagle Equity transaction, if it proves necessary, in conjunction with the Allan Holms stock issue hearing.

A hearing shall be held on ___Feb. 28___, 2017, at 9:00 a.m.

IT IS SO ORDERED.

DATED ___Jan 3, 2017___

**JAMES P. REYNOLDS**
District Judge James Reynolds

cc: John C. Doubek
    Oliver Goe
    Jordan Crosby

3