

**PAUL LAW GROUP**
Limited Liability Partnership

**Wesley J. Paul**
wpaul@paullawgrp.com

902 Broadway, FL 6
New York, New York 10010

T: 646.278.9955 | F: 646.514.6829

April 12, 2017

Hon. Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall
United States Courthouse
Courtroom 1306
40 Foley Square
New York, NY 10007

Re:   Bakken Resources, Inc., et al. v. Edington, et al., 15 CV 8686:

Response to Defendants' Status Conference Statement

Your Honor:

The Defendants continue to misstate, mischaracterize and mislead this Court by their unsolicited filing earlier today of the Defendants' Status Conference Statement. Bakken Resources, Inc. notes the following in response to the Defendants' Status Conference Statement:

1. Val Holms, the former CEO (now deceased) of Plaintiff Bakken Resources, Inc. ("BKKN"), filed a complaint in Nevada State Court in May 2016 (the "Original Nevada Complaint"). The primary basis of the Original Nevada Complaint was to challenge the legality of a transaction BKKN entered into with a New York based private equity firm, Eagle Private Equity (the "Eagle Transaction"). BKKN is a Nevada corporation.

2. The Eagle Transaction was disclosed by BKKN in an SEC filing (See, Exhibit A, Current Report on Form 8-K filed May 10, 2016)

3. Val Holms was able to obtain a temporary restraining order enjoining BKKN from actions with Eagle including drawing any loans from Eagle Private Equity. However, during a preliminary injunction hearing held on June 27, 2016, the Nevada court ruled in favor of BKKN in determining that the Eagle Transaction was "legal" and in the exercise of "sound business judgment." Order, *Holms v. Bakken Resources Inc. et. al.*, State of Nevada, Second Judicial District, Washoe County, Case No. CV16-01086 (July 22, 2016), consolidated with *Graiwer v. Holms*, State of Nevada, Second Judicial District, Washoe County, Case No. CV14-00544, attached hereto as Exhibit B.

4. Carl George, the principal of Eagle Private Equity, testified at the June 27, 2016 hearing. The Nevada court found that Mr. George testified "credibly" at the

Hon. Judge Carter
April 12, 2017
Page 2

    hearing." Exhibit B, pg. 4-5.  In particular, the Court found that "the ability of a company to maintain institutional knowledge is important…and none of the procedures set forth in the agreement between Eagle Private Equity and BRI are illegal or improper." Exhibit B, pg. 5.

5. Following Val Holms' defeat in Nevada, Val Holms immediately sought the assistance of his half-brother Allan Holms. Val Holms purportedly granted Allan Holms voting share proxies. Allan Holms, primarily using Val Holms' voting shares, then attempted to take over BKKN on July 20, 2016.  The events relating to this attempted takeover were disclosed by BKKN in its public filings (see, Exhibit C, Current Report on Form 8-K filed July 26, 2016).  Allan Holms has claimed that he is not bound by the Nevada court because he is a "different" party.

6. BKKN sought and obtained injunctive relief in both Nevada and Montana following the attempted takeover by Allan Holms and Val Holms on July 20, 2016. (See, Exhibit D, Temporary Restraining Order, *Holms v. Bakken Resources Inc. et. al*., State of Nevada, Second Judicial District, Washoe County, Case No. CV16-01086 (July 22, 2016)); Order Granting Temporary Restraining Order and Order to Show Cause, *Bakken Resources, Inc. v. Holms*, Case No. CD-2016-612, State of Montana, First Judicial District, Lewis and Clark County (July 22, 2016) (ECF 65-2).

7. During the attempted takeover, Allan Holms also attempted to access BKKN's bank accounts.

8. The attempted takeover by Allan Holms and Val Holms actually triggered a provision in the Eagle Transaction documents which allowed Eagle to obtain a controlling share position in BKKN.  These provisions were discussed at length and determined for purposes of the preliminary injunction in Nevada to be legal.

9. Thus, the Defendant's contention that a controlling group of shareholders took action on July 20, 2016 is, at best, misleading.

10. The Nevada court cited, in particular, that counsel for BKKN, including Wesley Paul, "are authorized to take any and all actions necessary in the State of Nevada…to contest any takeover attempts against BRI." (Exhibit D, pg. 3). This directly refutes Defendants' contention that Mr. Paul is not authorized to act on behalf of BKKN.

11. The Defendants' and their counsel's continuing insistence to question BKKN's choice of counsel is at odds with this Court's ruling that this matter should progress before being examined further. (ECF 64). Accordingly, BKKN respectfully requests that this case proceed as rapidly as possible.

12. Defendants' counsel has made unsubstantiated statements that appear to threaten BKKN's counsel in the media.  Counsel stated that Plaintiff's counsel engaged in "scurrilous" actions in support of his own ownership position.  Defendants' counsel further stated that "there could be all kinds of action" against Plaintiff's counsel.  See Exhibit E, Matthew Guarnaccia, *Atty's Ties to Businessman Not*

*Enough for DQ, Judge Says*, Law360 (March 30, 2017).  For the record, present counsel to the Plaintiff does not hold directly or beneficially any shares of the Plaintiff or has held shares of the Plaintiff at any prior time.

13. The Defendants do not disclose the existence of any of the prior-dated Nevada cases and rulings.  Such omissions, in the view of the Plaintiff, constitute actual breaches of the duty of candor by Defendants' and their counsel.

14. The case cited by Defendants in Montana where Wesley J. Paul is listed as a defendant was actually brought by Allan Holms.  This case was immediately dismissed following the Montana court's issuance of a TRO in BKKN's favor against Val Holms and Allan Holms.   See, Order Granting Dismissal With Prejudice, *Bakken Resources, Inc. v. Anderson, et al.,* Case No. CD-2016-611, State of Montana, First Judicial District, Lewis and Clark County (Aug. 10, 2016), attached hereto as Exhibit F.  Allan Holms has attempted to improperly refile such case and BKKN has filed a motion to dismiss which is pending before the Montana court.

15. The Montana actions have absolutely no bearing on the current case.  BKKN and current counsel has always been, and continue to be, authorized to bring forth this action.  The attempt by the Defendants to raise claims and issues by their unsolicited Defendants' Status Conference Statement is completely baseless and meritless.

16. The January 2017 order (which was apparently prepared by opposing counsel on an ex parte basis) cited by the Defendants was objected to by BKKN as being inconsistent with the proceedings that occurred in December 2016.  On February 22, 2017, the Montana court continued its order relating to a February 28, 2017 evidentiary hearing.  No new date has been set.

17. The Preliminary Injunction order entered into by the Montana court in January 2017 was uncontested by BKKN on grounds that the existing case in NV would provide final disposition of all issues relevant to the Montana proceedings.  The Nevada court originally set April 2017 as the trial date, and following the death of Val Holms, has now set October 2017 as the trial date in the Nevada proceedings.  See, Order Extending TRO and Granting Leave to File Counterclaim, *Graiwer v. Holms,* State of Nevada, Second Judicial District, Washoe County, Case No. CV14-00544 (November 1, 2016), attached hereto as Exhibit G.

18. Contrary to the Defendants' assertions relating to an imminent final ruling, discovery has not yet commenced in the Montana proceedings.  Moreover, the Montana proceedings (which were filed well after this current matter) bear no relationship to the matters set forth in the Plaintiff's complaint currently before this Court and also appear to be motivated by blatant forum shopping following unfavorable rulings in Nevada.

Hon. Judge Carter
April 12, 2017
Page 4

Bakken looks forward to appearing before the Court on April 13, 2017.

Respectfully Submitted,

Wesley J. Paul
Paul Law Group, LLP
902 Broadway, Floor 6
New York, NY 10010
*Attorney for Plaintiff*

Cc:   MichaelStrageEsq@gmail.com
      ALCarterNYSDChambers@nysd.uscourts.gov