# Exhibit D

F I L E D
Electronically
CV14-00544
2016-07-22 04:34:07 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 5623708

PAUL J. ANDERSON, ESQ.
Nevada Bar No. 709
PROCTER J. HUG, IV, ESQ.
Nevada Bar No. 12403
MAUPIN, COX & LeGOY
4785 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 827-2000
Facsimile: (775) 827-2185
*Attorneys for Defendants*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| MANUEL GRAIWER and T.J. JESKY derivatively on behalf of BAKKEN RESOURCES, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>VAL HOLMS, an individual, HERMAN LANDEIS, an individual, KAREN MIDTLYING, an individual, DAVID DEFFINBAUGH, an individual, BILL BABER, an individual, W. EDWARD NICHOLS, an individual, WESLEY PAUL, an individual, and DOES 1-100,<br><br>Defendants,<br><br>BAKKEN RESOURCES, INC., a Nevada Corporation,<br><br>Nominal Defendant. | Consolidated<br>Case No.: CV14-00544<br><br>Dept. No.: B7<br><br><br><br><br><br><br><br>**TEMPORARY RESTRAINING ORDER** |
| VAL HOLMS, an individual,<br><br>Plaintiff,<br><br>vs. | Case No.: CV16-01086<br><br>Dept. No.: B7 |

BAKKEN RESOURCES, INC., a Nevada corporation, DAN ANDERSON, an individual, KAREN MIDTLYNG, an individual; HERMAN R. LANDEIS, an individual, BILL M. BABER, an individual, SOLANGE CHARAS, an individual, DOUGLAS L. WILLIAMS

Defendants.

This matter came before the Court on Defendants', BAKKEN RESOURCES, INC., a Nevada Corporation, ("BRI" or "the Company"), DAN ANDERSON, an individual, KAREN MIDTLYNG, an individual, HERMAN R. LANDEIS, an individual, BILL M. BABER, an individual, SOLANGE CHARAS, an individual, DOUGLAS L. WILLIAMS, an individual (the "Director Defendants"), collectively referred to as "Defendants," Ex Parte Motion for Temporary Restraining Order.

The Court having reviewed the Motion together with the Memorandum of Points and Authorities and numerous Exhibits attached thereto, having conducted a hearing on July 22, 2016, with counsel for BRI, Matthew C. Addison, Esq,. and Paul J. Anderson, Esq., as well as Douglas Brown, Esq., on behalf of Val Holms, and John Aberasturi, Esq., on behalf of Manuel Graiwer, and being fully informed and advised in the premise, hereby grants Defendants' Motion in all respects and enters the following Temporary Restraining Order against the Plaintiffs in these consolidated actions, Val Holms, an individual, and Manuel Graiwer, to preserve the status quo and to prevent immediate and irreparable harm to BRI and the Director Defendants in the interim.

The Court specifically finds that Defendants have satisfied the requirements of Rule 65 of the Nevada Rules of Civil Procedure as it appears (1) that immediate and irreparable injury, loss and damage will occur to Defendants before Plaintiffs can appear; and (2) counsel for

Defendants have made an appropriate certification to this Court as to efforts which have been made to notify the Plaintiffs in these consolidated actions of the Motion and the hearing before this Court.

The Court finds that the Defendants have a reasonable probability of success on their arguments that the voting proxies executed by Val Holms on July 7, 2016 purporting to transfer to Allan Holms twenty-six million two hundred thirty-five thousand (26,235,000) shares of Common Stock in BRI, and by Manual Graiwer on June 29, 2016, purporting to transfer his shares to Allan Holms are invalid based on SEC regulations pertaining to proxy solicitations. *17 C.F.R. 240.14a-2, et.seq.*

The Court further finds that Defendants have a reasonable probability of success on their arguments that Eagle Private Equity has properly exercised its rights to convert its loans in the Company to Series A Preferred Stock under the agreement it has with BRI and in so doing has obtained six hundred thousand (600,000) shares of Series A Preferred Stock granting to Eagle Private Equity sixty million (60,000,000) shares of Common Stock in BRI. The 60,000,000 shares held by Eagle Private Equity are the majority of voting shares of all BRI stock. Consequently, the Court also finds Defendants have a reasonable probability of success on their argument that even if the subject voting proxies are valid Eagle Private Equity holds a majority of the voting shares in the Company and thus renders the subject takeover attempt ineffectual.

Counsel for BRI, as well as counsel for the Directors and Wesley Paul, Esq., and corporate counsel to BRI, which constitute all defense counsel in the consolidated action, are authorized to take any and all actions necessary in the State of Nevada, particularly before this Court, to contest any takeover attempts against BRI which is presently before, and subject to, the jurisdiction of this Court.

In light of Court's conclusions set forth above, ~~regarding~~ the Defendants' have a reasonable probability of success on the merits of their arguments in this matter, the Court hereby also finds BRI, as ~~presently~~ constituted prior to the attempted takeover, has every right to access and utilize its accounts at Wells Fargo and/or any other banking institution within the jurisdiction of this Court in order to continue to efficiently conduct the affairs of the Company and timely satisfy any and all of its obligations which may become due during the pendency of all judicial proceedings regarding the validity of the subject "takeover" attempt. Thus, any person or entity which may seek to inhibit or otherwise restrict BRI's right to such access and use is hereby enjoined from doing so, and Wells Fargo is hereby entitled to allow BRI such access and use until and unless a court with appropriate jurisdiction formally rules otherwise.

Pursuant to NRCP 65(c) the Court finds that no harm shall occur to the Plaintiffs in this matter in the event the issuance of this Order is ultimately found to be wrongful. Accordingly, Defendants shall not be required to post a bond.

This Temporary Restraining Order shall expire on Sept. 21st, 2016, at 5:00 p.m., unless within such time the Order, for good cause, is extended by this Court.

A Preliminary Injunction Hearing is set on September 21st, 2016 at 1:30 ~~a.m.~~/p.m. Counsel for BRI shall file a Motion for Preliminary Injunction no later than August 2, 2016, Counsel for Holms and Graiwer shall file their Oppositions no later than August 19, 2016, and a Reply shall be due on August 31, 2016.

Dated this 27 day of July, 2016.

_Patrick Flanagan_
JUDGE PATRICK FLANAGAN
DISTRICT COURT JUDGE

RESPECTFULLY SUBMITTED BY:

*signature*

Paul J. Anderson, Esq., NSB #709
4785 Caughlin Parkway
Reno, Nevada 89519
Tel.: (775) 827-2000
Fax: (775) 827-2185
*Attorneys for Defendant*