# EXHIBIT C

December 12, 2016 MT DDV 2016-612 - Memo Holms Board and Expert Opinion Prof Dan Morrissey

John C. Doubek
DOUBEK, PYFER & FOX, LLP
307 N. Jackson
PO Box 236
Helena, MT 59624
Ph: 406-442-7830
Fax: 406-442-7839
jdoubek@doubekpyfer.com

Attorney for Defendants and Third Party Plaintiffs

MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS AND CLARK COUNTY

\* \* \* \* \* \*

| | | |
|---|---|---|
| BAKKEN RESOURCES, INC., | ) | Cause No. DDV 2016-612 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANTS/THIRD PARTY |
| VAL M. HOLMS, ALLAN G. | ) | PLAINTIFFS' POSITION |
| HOLMS, TODD JENSEN and | ) | |
| ALLEN COLLINS, | ) | |
| | ) | |
| Defendants and | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KAREN S. MIDTLYNG, | ) | |
| DANIEL D. ANDERSON, | ) | |
| and WESLEY J. PAUL, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

\* \* \* \* \* \*

COMES NOW the Defendants and Third Party Plaintiffs and gives this very brief summary of our position herein:

1

1. The Bakken Inc. Group does not have clean hands to claim that Allan Holms has violated any SEC proxy regulations. When Bakken controlled the company it failed to file quarterly and yearly reports as required by SEC regulations and failed to hold shareholder meetings as required by Nevada law.

2. There are no violations of proxy solicitation rules because there is no showing that Allan Holms solicited proxies. Even if proxies were solicited, almost all shares necessary to constitute a majority were owned by Allan Holms' brother, Val Holms. Since the proxy solicitation rules exempt such activity from regulation when no more than 10 shareholders are solicited, any purported violation of the SEC proxy rules here are de minimis.

3. Allan Holms had sufficient proxies to take shareholder action by written consent. He therefore is able to elect Directors who immediately became the Board of Bakken Inc.

4. The issuance of convertible preferred shares to Eagle Equity was a sham. Therefore, any voting of shares that Eagle purported to own were ineffective.

5. Shareholder rights are adjudicated in courts of equity and equitable jurisdiction and therefore applies to this case. Since the shareholders own a majority of the stock in this Company and have supported Allan Holms, the Court should recognize their legitimate ownership rights. It should also find that the Bakken Group has unjustly attempted to seize control from them.

Attached hereto as Exhibit 1 is an outline of the testimony we intend to present from Professor Daniel Morrissey. It also reflects his résumé and experience in SEC matters.

WHEREFORE, these Defendants and Third Party Plaintiffs urge that the Court affirm the action by Allan Holms and instate them as the Directors of Bakken Inc. and strike the Eagle Equity transaction as the sham that it is. Alternatively, the Court should order a shareholder meeting and appoint someone to oversee the meeting and report back to the Court the results thereof. A shareholder meeting can certainly take place within 30 to 45 days and a report to the Court of the result of the shareholder meeting, without Eagle involvement, can be done within 10 days thereafter.

DATED this 12 day of December, 2016

DOUBEK, PYFER & FOX LLP

By _____
John C. Doubek
Attorney for Defendants and Third
Party Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on the ___12___ day of December, 2016, I served a true and correct copy of the foregoing upon opposing counsel by inserting a copy of the same in a stamped envelope and depositing it in the United States Post Office at Helena, Montana, addressed as follows:

Oliver Goe
Browning, Kaleczyc, Berry & Hoven
Attorneys at Law
P.O. Box 1697
Helena, MT 59624

Ms. Jordon Crosby
Ugrin Alexander Zadick-Higgins
#2 Railroad Square, Suite B
PO Box 1746
Great Falls, MT 59403-1746

_____