# EXHIBIT H

July 21, 2016 MT DDV 2016-612 - Bakken (Anderson Board) v. Holms
- Complaint and Application for TRO and Injunctive Relief

RECEIVED

JUL 28 2016
10:09
DUNN & BLACK

1  Oliver H. Goe
   BROWNING, KALECZYC, BERRY & HOVEN, P.C.
2  800 North Last Chance Gulch, Suite 101.
   PO Box 1697
3  Helena, MT 59624
   Telephone: (406) 443-6820
4  Facsimile:  (406) 443-6883
   Email: oliver@bkbh.com
5
6  *Attorneys for Plaintiff*
7
8        MONTANA FIRST JUDICIAL DISTRICT COURT, LEWIS & CLARK COUNTY
9
10 BAKKEN RESOURCES, INC.,                    Cause No. CDV 2016-612

11        Plaintiff,

12        v.                                  COMPLAINT AND APPLICATION
                                              FOR TEMPORARY RESTRAINING
13 VAL M. HOLMS, ALLAN G. HOLMS, TODD         ORDER AND INJUNCTIVE RELIEF
   JENSEN and ALLEN COLLINS,
14
          Defendants.                         KATHY SEELEY
15                                            PRESIDING JUDGE

16        Plaintiff, Bakken Resources, Inc. (hereinafter "Plaintiff" or "BRI"), by and through its

17 attorney, Oliver H. Goe of Browning, Kaleczyc, Berry & Hoven, P.C. files this Complaint and

18 Application For Temporary Restraining Order and Injunctive Relief against the Defendants Val

19 M. Holms, Allan G. Holms, Allen Collins and Todd Jensen alleging as follows:

20               I. THE PARTIES, JURISDICTION AND VENUE

21        1.    BRI is a public corporation incorporated in the state of Nevada, and at all relevant

22 times has its principal place of business and conducted its business operations from an office

23 located at 825 Great Northern Blvd., Ste 304 Helena, Lewis and Clark County, MT 59601.BRI is

24 duly registered with the Montana Secretary of State to conduct business in the state of Montana.

25
26        2.    BRI's primary business as a royalty company relates to leasing oil and gas

27 properties to oil and gas production companies.

                                    - 1 -
                                                              1630190/5364.001

3.      Bakken Resources, Inc. is a publicly-reporting public company who shares are registered pursuant to Section 12(g) of the Securities Exchange Act of 1934, 15 U.S.C. § 78l.

4.      The performance and breach of contract at issue herein and the injuries alleged herein occurred primarily in Lewis and Clark County, Montana.

5.      Defendant Val Holms is a resident of Lake County, Montana.

6.      Defendant Allan G. Holms is a resident of Washington.

7.      Defendant Todd Jensen is believed to be a resident of Idaho.

8.      Defendant Allen Collins is believed to be a resident of Idaho.

9.      This Court has jurisdiction over the subject matter and the parties to this action.

10.     Venue properly resides in the Montana First Judicial District, Lewis and Clark County.

## II. GENERAL ALLEGATIONS

11.     On July 20, 2016 at approximately 2:00 p.m., Defendant Allan G. Holms walked into BRI's office in Helena unannounced, accompanied by his attorney, Bill Childress of Spokane, private security guards, one of which was openly displaying a handgun, Allan Holms' wife and several other unknown individuals later identified as Defendants Jensen and Collins. Defendant Allan G. Holms and his entourage aggressively confronted BRI's Corporate Secretary and Board Member Karen Midtlyng and advised her that Allan G. Holms was the new President of BRI, that "this is a take-over" , that she was fired and that she was to immediately pack up her personal items and leave.

12.     She was served with the documents attached hereto as Exhibit A, which, pursuant to Mr. Childress proved that Defendant Allan G. Holms was the new Board Chairman and President and that she had been fired from her position as a Director and Officer. The documents

1630190/5364.001

1  provided include 19 nonnotarized, proxy statements.

2      13.    Dan Anderson, a Director of BRI and Chief Financial Officer, arrived shortly

3  thereafter and was confronted with the same representations from Defendant Allan G. Holms and

4  Mr. Childress and was told that he had been removed from the Board and was terminated as the

5  CFO. He likewise was ordered to leave his office.

6      14.    Ms. Midtlyng called the Helena Police Department as she felt intimidated and

7  threatened by the presence of Defendant Allan G. Holms, Mr. Childress and armed security

8  guards.

9      15.    Ms. Midtlyng and Mr. Anderson, as Directors and Officers of BRI, questioned the

10  legal basis for the actions and orders of Mr. Holms and Mr. Childress and on this basis, refused

11  to abandon their BRI offices.

12      16.    The Helena Police Department arrived, spoke to all parties and the FBI and

13  ultimately required Defendant Allan G. Holms, Mr. Childress, the armed private security guards

14  and other unknown individuals to leave BRI's offices.

15      17.    BRI is informed and believes that Defendant Val Homes is being investigated by

16  the FBI for wrongdoing committed while CEO of BRI.

17      18.    After being ordered to leave BRI's offices, Defendant Allan G. Holms and Mr.

18  Childress went to the Wells Fargo main office in Helena and attempted to switch signatories on

19  BRI's account to Defendant Allan G. Holms. The Wells Fargo representative, Terry Spalinger,

20  CFA, Vice President, refused but indicated that he would be referring the issue to counsel. The

21  morning of July 21, 2016, BRI received an email from Mr. Spalinger advising BRI's accounts

22  had been frozen pending resolution of disputed ownership and control of BRI.

23      19.    The various documents served on Ms. Midtlyng included but were not limited to

24  19 documents labeled "Bakken Resources, Inc. Proxy."

25      20.    These "Proxies" were allegedly signed by the following individuals and/or

26  entities: Val M. Holms, Stuart Graiwer, Larry Johnson, Kenneth Graiwer, Livorno Latin

27  America Promotions BV, Bruce & Marilyn Gilles 1987 Trust, Manuel Graiwer, Vincent Valdez,

1630190/5364.001

1  Marisa Graiwer, Wong Wah On Edward, Thomas G. Walsh, Graham John Brain, Merridy

2  Buttice, Donald Townshend, Floyd Short, Kent Jensen, Peter Schmid, and Alyson Graiwer.

3  Each of these individuals and/or entities purport to own certain shares in Bakken Resources, Inc.

4     21.     These "Proxies," and the actions by Allan Holms in obtaining them and serving

5  them on Bakken Resources, Inc., are in violation of the Rules and Regulations enacted to enforce

6  the Securities Exchange Act of 1934 (the "Act").

7     22.     Bakken Resources, Inc., is a publicly-reporting public company who shares are

8  registered pursuant to Section 12(g) of the Act, 15 U.S.C. § 78*l*.

9     23.     The "Proxies" at issue specifically were obtained in violation of 17 C.F.R.

10  240.14a-2. Defendants illegally solicited the "Proxies" by failing to publicly file proxy

11  solicitations.

12     24.     The rules regarding proxy solicitations are intended to provide the investing

13  public with adequate disclosure prior to granting its proxy to management or others.

14     25.     Without this kind of disclosure, investors in the Bakken Resources, Inc. and

15  Bakken Resources, Inc. itself are irreparably harmed.

16     26.     Absent adherence to the applicable proxy solicitation regulations, the "Proxies"

17  solicited and submitted by Allan Holms are null and void.

18     27.     Defendant Val M. Holms owns 26,350,000 shares of BRI which represents

19  approximately 47% ownership interest in BRI's issued and outstanding common stock.

20     28.     Defendant Val M. Holms is the former Chief Executive Officer (CEO) of BRI.

21     29.     On May 6, 2016, Defendant Val M. Holms was terminated as CEO of BRI. This

22  decision was announced in a Current Report on Form 8-K filed with the Securities and Exchange

23  Commission on May 11, 2016. (Exhibit B.) As reflected therein, after an exhaustive

24  investigation by an independent investigator, Ms. Shirley Spira, the Board of BRI made the

25  following findings:

26         1.     Mr. Holms received $200,000 of Company funds as kickback

27         payment in 2011 relating to a transaction commonly referred to as
           the "Duck Lake Transaction." The Duck Lake Transaction was first
           disclosed by the Company in a Current Report on Form 8-K filed

-4-

1   with the SEC on September 27, 2011. The Company originally paid
2   $250,000 for the Duck Lake Transaction.

3   2.   Mr. Holms acted without proper authority in executing the "Big
    Willow Lease," which the Company first disclosed in a Current
4   Report filed on Form 8-K with the SE C on July 15, 2014. The Big
    Willow Lease contemplated the payment of $675,000 in bonus
5   payments which the Company has paid in full.
    3.   Mr. Holms knowingly participated in providing false
6   information to the Company's auditors in March 2011 relating to a
    non-existent $30,000 transaction in Texas.
7
8   4.   Mr. Holms has breached the LOAA on numerous occasions.
    The nature of these breaches relates to certain of Mr. Holms' actions
9   aimed at terminating the internal investigation into his conduct, and
    also in part to certain confidential communications. Such
10  communications are part of a shareholder derivative litigation filed
11  by Manuel Graiwer and T.J. Jesky in Reno, Nevada, and so cannot
    be fully disclosed at this time.

12

13  30.   Previously, in an effort to ensure that the integrity of the investigation would not

14  be compromised, BRI requested and Holms agreed to take a voluntary leave of absence during

15  the pendency of the investigation. On March 24, 2015, BRI and Holms entered into a Leave of

16  Absence Agreement ("LOAA") in which Holms agreed to take a leave of absence "with respect

17  to all his positions with BRI, effective immediately, until conclusion of the Investigation and the

18  results of such investigation are presented to the Board." (Exhibit C.)  In the Agreement, "Val

19  agrees not to interfere with BRI's business/operations during the period of his leave of absence."

20  Agreement, ¶ 6.

21  31.   While Defendant Val Holms has been terminated as CEO, the LOAA remains in

22  effect. As stated in the May 11 8-K "[a]dditional materials relating to the investigation may be

23  forthcoming. As a result, the investigation remains on-going, and Mr. Holms' LOAA continues

24  to apply to him as Chairman."

25  32.   BRI had kept the SEC apprised of the status of independent investigation prior to

26  the 8-K announcing the termination of Defendant Val Holms from his position as CEO.  (Exhibit

27  D.)

1630190/5364.001

33.     Defendant Val Holms has never disputed the effectiveness or enforceability of the LOAA but by tendering his proxy to Defendant Allan Holms, among other actions, has violated the LOAA.

34.     On May 6, 2016, BRI entered into a $1,000,000 loan agreement with Eagle Private Equity ("Eagle"). (Exhibit E.) The details of the agreement were reported to the SEC in an 8-K filed May 10, 2016. As reflected therein, in the event of a Triggering Event, the loans can be converted into shares of Series A Preferred Stock.

35.     The Defendants' actions brought on two separate Triggering Events. First, "any transaction or series of related transactions whereby following such transactions, a majority of the members of the Company's Board of Directors existing prior to such transactions are either replaced or no longer constitute a majority of the Company's Board of Directors." Second, "any transaction or series of related transactions resulting in or reasonably likely to result in the acquisition of "control shares" as defined and subject to Nevada Revised Statutes 78.378 et al., assuming for the purposes of this section that the Company is an "issuing corporation" as defined under such statutes."

36.     BRI received notices from Eagle Private Equity on July 20, 2016, the same day that it received notices from the Defendants, that Eagle was exercising its rights under the Eagle Transaction Documents. (Exhibit F.)

37.     The rights that Eagle exercised allowed Eagle to obtain 600,000 shares of Series A Preferred Stock.

38.     Series A Preferred Stock has the right to vote at least 100 shares of common for each 1 share of Series A Preferred.

39.     Eagle's currently has the voting equivalent of 60 million shares of common stock.

40.     Eagle's voting rights exceed the total number of issued and outstanding shares of the Company's common stock of 56,735,350, and far exceeds the number of shares purportedly represented by the Allan Holms proxy.

1630190/5364.001

1    41.    Contrary to the claims of the Defendants, it is Eagle, not the Defendants who

2  represent a controlling position.

3    42.    The Defendants' actions, even if properly done, do not provide them with the

4  right to undertake the actions they seek such as to replace the current BRI board, close bank

5  accounts and terminate various counsel and officers.

6  ### III. LEGAL CLAIMS

7  ### Count 1 – Breach of Contract

8    43.    BRI re-alleges and incorporates the allegations contained in paragraphs 1-42

9  above.

10    44.    By his actions, Defendant Val Holms has materially breached the terms of the

11  LOAA.

12  ### Count 2 – Tortious Interference With Prospective
13  ### Economic Opportunity

14    45.    BRI re-alleges and incorporates the allegations contained in paragraphs 1-44

15  above.

16    46.    By these actions, Defendants have intentionally committed a wrongful act without

17  justification or excuse to the economic detriment of BRI.

18  ### Count 3 – Temporary Restraining Order
19  ### And Injunctive Relief

20    47.    BRI re-alleges and incorporates the allegations contained in paragraphs 1-46

21  above.

22    48.    BRI, pursuant to MCA §§ 27-19-101 through 27-19-319 and based on the fact

23  delay could cause immediate and irreparable harm and injury to BRI, requests a temporary

24  restraining order prohibiting Defendant Val Holms from any of the following actions:

25    a)    providing a proxy to any person or entity to vote his shares of Common
26         Stock in BRI;

27    b)    voting his shares in any manner that seeks to replace any member of the
         Board;

1630190/5364.001

c) voting his shares in any manner that seeks to replace the Corporate Officer, including the current CFO Dan Anderson and current Corporate Secretary Karen Midtlyng; and

d) any other actions of any kind that could have a material detrimental impact on BRI's business/operations.

49. BRI, pursuant to MCA §§ 27-19-101 through 27-19-319 and based on the fact delay could cause immediate and irreparable harm and injury to BRI, requests a temporary restraining order prohibiting Defendants Allan G. Holms, Todd Jensen and Allen Collins from:

a) taking any actions on behalf of BRI including attempts to replace BRI's Board, Corporate Officer or BRI's attorneys;

b) taking any action purportedly on behalf of BRI to access BRI's bank accounts including those accounts with Wells Fargo;

c) representing to any person or entity that they are Directors of BRI with authority to conduct business or take actions on behalf of BRI;

d) attempting to act on behalf of BRI in any manner whatsoever;

e) taking any actions that could affect the business/operations of BRI in any respect; and

f) exercising any of the proxies included in Exhibit A hereto.

## PRAYER FOR RELIEF

WHEREFORE, BRI prays for relief as follows:

1. For an immediate order restraining Defendant Val Holms or his agents from any of the following actions:

a) providing a proxy to any person or entity to vote his shares of Common Stock in BRI;

b) voting his shares in any manner that seeks to replace any member of the Board;

c) voting his shares in any manner that seeks to replace the Corporate Officer, including the current CFO Dan Anderson and current Corporate Secretary Karen Midtlyng; and

- 8 -

1630190/5364.001

d) any other actions of any kind that could have a material detrimental impact on BRI's business/operations.

2. For an immediate order restraining Defendants Allan G. Holms, Todd Jensen and Allen Collins of any of their agents from any of the following actions:

a) taking any actions on behalf of BRI including attempts to replace BRI's Board, Corporate Officer or BRI's attorneys;

b) taking any action purportedly on behalf of BRI to access BRI's bank accounts including those accounts with Wells Fargo;

c) representing to any person or entity that they are Directors of BRI with authority to conduct business or take actions on behalf of BRI;

d) attempting to act on behalf of BRI in any manner whatsoever;

e) taking any actions that could affect the business/operations of BRI in any respect; and

f) exercising any of the proxies included in Exhibit A hereto.

3. An order to show cause why a preliminary injunction should not issue upon expiration of the TRO.

DATED this 21ˢᵗ day of July, 2016.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By _____
Oliver H. Goe

Attorneys for Plaintiff

- 9 -

1630190/5364.001

# BAKKEN RESOURCES, INC.

# STOCKHOLDER ACTION BY WRITTEN CONSENT

# WITHOUT A MEETING

## July 20, 2016

The undersigned Stockholders, as the holders of a majority of the shares of common stock of Bakken Resources, Inc. ("Bakken Resources" or the "Corporation"), and pursuant to Section 2.10 of the Bylaws, do hereby consent to the taking of the following actions without a meeting:

## ELECTION OF SUCCESSOR DIRECTORS

**WHEREAS**, Section 3.3 of the Bylaws requires that "*directors shall be elected at an annual meeting of stockholders*";

**WHEREAS**, Section 2.1 of the Bylaws provides that "*[t]he annual meeting of stockholders shall be held each year within 180 days of the end of the prior fiscal year, on a date and at a time designated by the board of directors or as otherwise determined by the board of directors*";

**WHEREAS**, since November 2014, the current Board of Directors has failed or refused to hold an Annual Meeting of Stockholders as required by the plain language of the Bylaws;

**WHEREAS**, the current Board of Directors is comprised of six incumbent Directors and one vacant directorship;

**WHEREAS**, the six incumbent Directors' terms of office have expired;

**WHEREAS**, no Directors have been elected by the Stockholders since November 2014, despite expiration of the incumbent Directors' terms, successors having not been qualified and elected pursuant to Section 3.3 of the Bylaws; and

**WHEREAS**, it is in the best interests of the Corporation and its Stockholders that three Successor Directors be elected to the Board of Directors and that four directorships remain vacant;

**THEREFORE**, the undersigned Stockholders expressly consent to elect the following Successor Directors, with four directorships to remain vacant:

Page 1 of 4



ALLAN G. HOLMS, Spokane, Washington
TODD JENSEN, Boise, Idaho
ALLEN COLLINS, Pocatello, Idaho

The Board of Directors may fix the time and place of its first meeting.

By executing this *Stockholder Action by Written Consent Without a Meeting*, the undersigned Stockholders do indicate and affirm their consent to this Stockholder Action.

IN WITNESS WHEREOF, the undersigned have executed and delivered to the Corporation this *Stockholder Action by Written Consent Without a Meeting* as of the date first above written.

Stockholder: Val M. Holms
Certificate No.: 335, 1342-45
Total Number of Shares: 26,235,000
By: Allan Holms, proxy

Stockholder: Stuart Graiwer
Certificate No.: 106, 254
Total Number of Shares: 300,000
By: Allan Holms, proxy

Stockholder: Larry Johnson
Certificate No.: 259
Total Number of Shares: 375,000
By: Allan Holms, proxy

Stockholder: Kenneth Graiwer
Certificate No.: 128, 175, 206, 260
Total Number of Shares: 230,000
By: Allan Holms, proxy

Stockholder: Livorno Latin America
            Promotions BV
Certificate No.: 213
Total Number of Shares: 400,000
By: Allan Holms, proxy

Stockholder: Bruce & Marilyn Gilles
            1987 Trust
Certificate No.: 204
Total Number of Shares: 400,000
By: Allan Holms, proxy

Stockholder: Manuel Graiwer
Certificate No.: 205
Total Number of Shares: 600,000
By: Allan Holms, proxy

Stockholder: Vincent Valdez
Certificate No.: 225
Total Number of Shares: 400,000
By: Allan Holms, proxy

Stockholder: Marisa Graiwer
Certificate No.: 105, 253
Total Number of Shares: 300,000
By: Allan Holms, proxy

Stockholder: Wong Wah On (Edward)
Certificate No.: 264
Total Number of Shares: 250,000
By: Allan Holms, proxy

Stockholder: Thomas G. Walsh
Certificate No.: 1357
Total Number of Shares: 100,000
By: Allan Holms, proxy

Stockholder: Graham John Brain
Certificate No.: 199
Total Number of Shares: 200,000
By: Allan Holms, proxy

Stockholder: Merridy Buttice
Certificate No.: 257
Total Number of Shares: 500,000
By: Allan Holms, proxy

Stockholder: Donald Townshend
Certificate No.: 236
Total Number of Shares: 200,000
By: Allan Holms, proxy

Stockholder: Floyd Short
Certificate No.: 434
Total Number of Shares: 80,000
By: Allan Holms, proxy

Stockholder: Kent Jensen
Certificate No.: 250,000
Total Number of Shares: 245
By: Allan Holms, proxy

Stockholder: Peter Schmid
Certificate No.: 310, 311, 312
Total Number of Shares: 300,000
By: Allan Holms, proxy

Stockholder: Alyson Graiwer
Certificate No.: 129, 176
Total Number of Shares: 30,000
By: Allan Holms

Stockholder: Allan G. Holms
Certificate No.: 1351
Total Number of Shares: 355,000
By: Allan Holms, proxy

Total Number of Shares Voted:  31,505,000

Page 4 of 4

# BAKKEN RESOURCES, INC.

# PROXY

The undersigned, Val M. Holms, a stockholder of Bakken Resources, Inc., ("BRI" or "Company"), a Nevada corporation, owning 26,235,000 shares of Common Stock represented by certificate numbers 335, 1342, 1343, 1344, and 1345, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In doing so, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; (2) to express consent to dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 7th day of July, 2016.

Signature

Printed Name: _Val M. Holms_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Stuart Graiwer, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 300,000 shares of Common Stock represented by certificate(s) number(s) 106 and 254, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution.  In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned.  This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6th day of July, 2016.

_____
Signature
Printed Name: STUART GRAIWER

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, *LARRY JOHNSON*, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

Signature

Printed Name: *LARRY JOHNSON*

# BAKKEN RESOURCES, INC.
## PROXY

The undersigned, Kenneth Graiwer, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 230,000 shares of Common Stock represented by certificate(s) number(s) 128, 175, 206 and 260, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution.  In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned.  This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6th day of July, 2016.

Signature

Printed Name: _KENNETH GRAIWER_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Livorno Latin America Promotions BV, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 400,000 shares of Common Stock represented by certificate(s) number(s) 213, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6th day of July, 2016.

Signature

Printed Name: Deborah de Lau-Mckenzie

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Bruce & Marilyn Gilles 1987 Trust, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 400,000 shares of Common Stock represented by certificate(s) number(s) 204, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6th day of July, 2016.

Signature _____

Printed Name: _Bruce S. Gillis_

**BAKKEN RESOURCES, INC.**

**PROXY**

The undersigned, _____, a stockholder of Bakken Resources, Inc. ("BRI" or the "Corporation"), a Nevada corporation, hereby appoints **Allan Holms** as proxy for the undersigned, with full power of substitution.   In so doing, the undersigned hereby authorizes Allan Holms, without limitation (1) to vote on behalf of the undersigned all shares of common stock of the Corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; (2) to express consent or dissent to corporate action in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This Proxy automatically revokes any proxy previously given by the undersigned. This Proxy shall remain in force and full effect for a period of ninety(90)days from the date of execution.

Dated this 29th day of _____, 2016.

_____
Signature
Print Name: MANUel FRAiwER

STATE OF California        )
                          )ss.
County of Los Angeles      )

I certify that I know or have satisfactory evidence that Manuel Graiwer is the person who appeared before me, and said person acknowledged that he/she signed this instrument and acknowledged it to be his/her free and voluntary act for the uses and purposes mentioned in the instrument.

Dated this 29 day of June, 2016.



VERONICA HERNANDEZ
Commission # 2124584
Notary Public - California
Los Angeles County
My Comm. Expires Sep 20, 2019

_____
NOTARY PUBLIC for State of California
My appointment expires: 9/20/19

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

CIVIL CODE § 1189

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

State of California

County of _Los Angeles_                              )

On _June 29, 2016_ before me, _Veronica Hernandez_
      Date                               Here Insert Name and Title of the Officer

personally appeared _Manuel Granados_
                                   Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Signature of Notary Public

VERONICA HERNANDEZ
Commission # 2124684
Notary Public - California
Los Angeles County
My Comm. Expires Sep 20, 2019

Place Notary Seal Above

———————————————— OPTIONAL ————————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

# BAKKEN RESOURCES, INC.
## PROXY

The undersigned, Vincent Valdez, a stockholder of Bakken Resources, Inc. ("BRI" or "Corporation"), a Nevada corporation, owing 400,000 shares of Common Stock represented by certificate(s) number(s) 225, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation: (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6th day of July, 2016

Signature

Printed Name:

# BAKKEN RESOURCES, INC,

# PROXY

The undersigned, Marisa Graiwer, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 300,000 shares of Common Stock represented by certificate(s) number(s) 105 and 253, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation: (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6th day of July, 2016.

Signature

Printed Name: Marisa Graiwer

# BAKKEN RESOURCES, INC.

# PROXY

The undersigned, <u>Wong Wah On Edward</u>, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 250,000 shares of Common Stock represented by certificate(s) number(s) 264, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

_____

Signature

Printed Name: Wong Wah On Edward

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Thomas G. Walsh, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 100,000 shares of Common Stock represented by certificate(s) number(s) 226, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation: (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

Signature

Printed Name: THOMAS G. WALSH

# BAKKEN RESOURCES, INC.

# PROXY

The undersigned, Graham John Brain, a stockholder of Bakken Resources, Inc. ("BRI" or "Corporation"), a Nevada corporation, owning 200,000 shares of Common Stock represented by certificate(s) number(s) 199, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation: (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5ᵗʰ day of July, 2016.

_____

Signature

Printed Name: GRAHAM JOHN BRAIN

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Merridy Buttice, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 500,000 shares of Common Stock represented by certificate(s) number(s) 257, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

_Merridy Buttice_
Signature

Printed Name: _Merridy Buttice_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Donald Townshend, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 200,000 shares of Common Stock represented by certificate(s) number(s) 236, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5ᵗʰ day of July, 2016.

_____
Signature

Printed Name: _Donald Townshend_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, *Floyd Short*, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 7th day of July, 2016.

Signature

Printed Name: *Floyd Short*

07/13/2016 12:20PM FAX  36675206          FINANCE DEPARTMENT,WCT                      ☑ 0002/0002

## BAKKEN RESOURCES, Inc.

### Proxy

The undersigned, Kent Jensen, a shareholder of Bakken Resource, Inc., ("BRI" or "Corporation"), a Nevada corporation, owning 250,000 shares of Common Stock represented by certificate number 245, herby appoint Allan Holms as Proxy for the undersigned, with full power of substitution.  On so doing, I hereby authorize Allan Holms, without limitation:

(1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned shareholder at any annual or special meeting of shareholders of the Corporation;

(2) to express consent or dissent to corporate action in writing without a meeting;

(3) to exercise in Allan Holms; sol discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned.  This proxy shall remain in force and full affect for a period of six (6) months form the date of the execution.

Dated this 10th day of July, 2016

Signature

Kent Jensen, shareholder

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Peter Schmid, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 300,000 shares of Common Stock represented by certificate(s) number(s) 310, 311 and 312, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

*For and on behalf of*
PETER SWAN INVESTMENT-CONSULTING LIMITED

*Authorized Signature(s)*

Signature

Printed Name: Peter Schmid

# BAKKEN RESOURCES, INC.
## PROXY

The undersigned, Alyson Graiwer, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 30,000 shares of Common Stock represented by certificate(s) number(s) 129 and 176, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 14th day of July, 2016.

Signature

Printed Name: Alyson Graiwer

# BAKKEN RESOURCES, INC.

# STOCKHOLDER ACTION BY WRITTEN CONSENT

# WITHOUT A MEETING

## July 12, 2016

The undersigned Stockholders, as the holders of a majority of the shares of common stock of Bakken Resources, Inc. ("Bakken Resources" or the "Corporation"), and pursuant to Section 2.10 of the Bylaws, do hereby consent to the taking of the following actions without a meeting:

## ELECTION OF SUCCESSOR DIRECTORS

WHEREAS, Section 3.3 of the Bylaws requires that *"directors shall be elected at an annual meeting of stockholders"*;

WHEREAS, Section 2.1 of the Bylaws provides that *"[t]he annual meeting of stockholders shall be held each year within 180 days of the end of the prior fiscal year, on a date and at a time designated by the board of directors or as otherwise determined by the board of directors"*;

WHEREAS, since November 2014, the current Board of Directors has failed or refused to hold an Annual Meeting of Stockholders as required by the plain language of the Bylaws;

WHEREAS, the current Board of Directors is comprised of six incumbent Directors and one vacant directorship;

WHEREAS, the six incumbent Directors' terms of office have expired;

WHEREAS, no Directors have been elected by the Stockholders since November 2014, despite expiration of the incumbent Directors' terms, successors having not been qualified and elected pursuant to Section 3.3 of the Bylaws; and

WHEREAS, it is in the best interests of the Corporation and its Stockholders that three Successor Directors be elected to the Board of Directors and that four directorships remain vacant;

THEREFORE, the undersigned Stockholders expressly consent to elect the following Successor Directors, with four directorships to remain vacant:

ALLAN G. HOLMS, Spokane, Washington
TODD JENSEN, Boise, Idaho
ALLEN COLLINS, Pocatello, Idaho

The Board of Directors may fix the time and place of its first meeting.

By executing this *Stockholder Action by Written Consent Without a Meeting*, the undersigned Stockholders do indicate and affirm their consent to this Stockholder Action.

IN WITNESS WHEREOF, the undersigned have executed and delivered to the Corporation this *Stockholder Action by Written Consent Without a Meeting* as of the date first above written.

Stockholder: Arthur R. Tyrrell
Certificate No.: 224
Total Number of Shares: 500,000
By: Allan Holms, proxy

Stockholder: Dylan Underhill
Certificate No.: 305
Total Number of Shares: 80,000
By: Allan Holms, proxy

Stockholder: Brender Services Limited
Certificate No.: 200
Total Number of Shares: 800,000
By: Allan Holms, proxy

Stockholder: Jeffrey J. Greenman
Certificate No.: 227
Total Number of Shares: 100,000
By: Allan Holms, proxy

Stockholder: Philip and Debra Sobol Trust
Certificate No.: 219
Total Number of Shares: 200,000
By: Allan Holms, proxy

Total Number of Shares Voted: 1,680,000

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, _Arthur R Tyrrell_, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 12 day of July, 2016.

Signature

Printed Name: _Arthur R Tyrrell_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Dylan Underhill, a stockholder of Bakken Resources, Inc. ("BRI" or "Corporation"), a Nevada corporation, owing 80,000 shares of Common Stock represented by certificate(s) number(s) 305, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation: (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation, 2) to express consent or dissent to corporate actions in writing without a meeting, and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

Signature

Printed Name: DYLAN D UNDERHILL

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Brender Services Limited, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

For and on behalf of
BRENDER SERVICES LIMITED

Signature                    *Authorized Signature(s)*

Printed Name: _Wap Wah On Zuthard_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, _Jeffrey J. Greenman_ a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 5th day of July, 2016.

Signature _____

Printed Name: _Jeffrey J. Greenman_

# BAKKEN RESOURCES, INC.

## PROXY

The undersigned, Philip and Debra Sobai Trust, a stockholder of Bakken Resources, Inc., ("BRI" or "Corporation"), a Nevada corporation, owing 200,000 shares of Common Stock represented by certificate(s) number(s) 219, hereby appoint Allan Holms as Proxy for the undersigned, with full power of substitution. In so doing, I hereby authorize Allan Holms, without limitation; (1) to vote on behalf of the undersigned all shares of common stock of the corporation held or owned by the undersigned stockholder at any annual or special meeting of stockholders of the Corporation; 2) to express consent or dissent to corporate actions in writing without a meeting; and (3) to exercise in Allan Holms' sole discretion any and all stockholder rights, powers, or privileges of the undersigned.

This proxy automatically revokes any Proxy previously granted by the undersigned. This Proxy shall remain in force and full effect for a period of six (6) months from the date of execution.

Dated this 6ᵗʰ day of July, 2016.

Signature

Printed Name: _Philip A. Sobol, M.D._

# RESOLUTION OF THE BOARD OF DIRECTORS

## OF

## BAKKEN RESOURCES, INC.

We, the undersigned, being the Directors of Bakken Resources, Inc. ("BRI" or the "Company"), hereby take the following actions and adopt the following resolutions pursuant to Chapter 78 of Nevada Revised Statutes on Private Corporations, the Articles of Incorporation, and the Bylaws of the Company:

## TERMINATION OF EMPLOYMENT

RESOLVED, that the employment of Dan Anderson should be and is in fact terminated, effective immediately, and removed from the BRI business premises.

FURTHER RESOLVED, that the employment of Karen Midtlyng should be and is in fact terminated, effective immediately, and removed from the BRI business premises.

## REMOVAL OF OFFICERS

RESOLVED, that the following individuals are unanimously removed from the corporate office or position set forth opposite their names:

DAN ANDERSON          Chief Financial Officer/Acting President
KAREN MIDTLYNG       Secretary

## TERMINATION OF LEGAL COUNSEL

RESOLVED, that the Company's interests are best served by retaining new corporate legal counsel;

FURTHER RESOLVED, that Wesley J. Paul should be and is in fact terminated as Corporate Counsel, effective immediately;

FURTHER RESOLVED, that the Company shall give notice to any and all outside counsel/trial counsel currently retained and/or employed by the Company that the Company terminated former Corporate Counsel Wesley J. Paul.

## ELECTION OF OFFICERS

RESOLVED, that the following individuals are unanimously elected to the corporate office or position set forth opposite their names, to serve until the next Annual Meeting of the Stockholders and/or the elections and qualifications of their successors:

ALLAN G. HOLMS      President/Chairman of the Board
TODD JENSEN      Vice-President/Secretary
ALLEN COLLINS      Treasurer/Chief Financial Officer

## NOTIFICATION TO STOCKHOLDERS

RESOLVED, that Section 2.10 of the Bylaws provides: *"Prompt notice of the taking of the corporate action without a meeting by less than unanimous consent shall be given to those stockholders who have not consented in writing."*

FURTHER RESOLVED, that the current Board of Directors was elected by less than unanimous consent pursuant to a *Stockholder Action By Written Consent Without A Meeting* (the "Consent");

FURTHER RESOLVED, that the Secretary of the Company is directed to provide the required Notice to Stockholders in a prompt and timely manner.

## AUTHORIZATION TO SIGN CONTRACTS

RESOLVED, that Allan G. Holms is authorized to enter into any contract or execute any instrument in the name of and on behalf of the corporation.

## AUTHORIZATION FOR BANKING

The following resolutions with regard to banking authorities are adopted:

RESOLVED, that Allan G. Holms is authorized and directed to close any and all of the Company's now-existing banking account(s) as soon as is practicable;

FURTHER RESOLVED, that Allan G. Holms is authorized and directed to re-establish such banking account(s) at such institutions as he selects, in his sole discretion;

FURTHER RESOLVED, that Allan G. Holms is authorized to establish, close, and/or re-establish any and all such banking account(s) and other banking

relationships as he deems advisable, at any time and from time to time, at such institutions as he selects, in his sole discretion;

FURTHER RESOLVED, that Allan G. Holms is authorized to execute, in the name of and on behalf of the Corporation, any form of authorization of corporate signatures or signature card required by any such banking institution in order to establish such account(s), and any resolutions set forth in any such form, when so executed shall be deemed to have been adopted by the Board of Directors of the Corporation;

FURTHER RESOLVED, that Allan G. Holms is authorized to sign or endorse all checks, drafts, other orders for payment of money, notes or other evidences of indebtedness that are issued in the name of or payable to the corporation.

## AUTHORIZATION TO OBTAIN FINANCING

RESOLVED, that Allan G. Holms is hereby authorized and directed to identify, evaluate, and investigate available and appropriate sources of financing for the Company, including but not limited to lending institution(s) or private equity fund(s);

FURTHER RESOLVED, that Allan G. Holms is hereby authorized and directed to negotiate with and accept financing from any such individual or entity, including but not limited to lending institution(s) or private equity fund(s), as he shall, in his sole discretion deem appropriate and advisable.

## APPOINTMENT OF NEW LEGAL COUNSEL

RESOLVED, that Allan G. Holms is authorized and directed to retain Dunn & Black, P.S., 111 N. Post St., Ste. 300, Spokane, Washington 99201 as Corporate Counsel to the Company.

## REVIEW OF PENDING LITIGATION

RESOLVED, that the history, status, and necessity of the Company's active litigation, if any, should be reviewed to determine whether the interests of the Company and its Stockholders are best served by continued litigation;

FURTHER RESOLVED, that to allow sufficient time to complete such a review, it is in the best interest of the Company and its Stockholders to institute a "Litigation Hold" with respect to any and all active litigation involving the Company;

FURTHER RESOLVED, that any and all outside counsel/trial counsel currently retained or employed by the Company shall be instructed to observe a "Litigation Hold" with respect to the Company's active litigation to allow sufficient time for the Company to complete the desired review.

## AUTHORIZATION TO WITHDRAW CERTIFICATE OF DESIGNATION

RESOLVED, that on or about May 6, 2016, former Acting President and Chief Financial Officer Dan Anderson, caused to be filed with the Nevada Secretary of State a purported Certificate of Designation in an effort to authorize the issuance of shares of "Series A Preferred" stock;

FURTHER RESOLVED, that former Acting President and Chief Financial Officer Dan Anderson filed the purported Certificate of Designation without informing, seeking, or receiving the consent and approval of the Company's Stockholders;

FURTHER RESOLVED, that the Company specifically reserved "*all rights, abilities, and authority conferrable to its officers or directors, as the case may be, under the provisions of NRS § 78.1955 to amend or cancel this Certificate of Designation to the extent permitted under such law...*";

FURTHER RESOLVED, that the previously-filed Certificate of Designation expressly provided that "*any relevant amendment or cancellation contemplated under the referenced statute may be affected (sic) by a future resolution filed with or referenced in a filing submitted to the Secretary of State of the State of Nevada along with any appropriate form or other required document*";

FURTHER RESOLVED, that the interests of the Company and its Stockholders would be and are in fact damaged by the designation and/or issuance of any shares of "Series A Preferred" stock;

FURTHER RESOLVED, that Allan G. Holms is hereby authorized and directed to take such action as he in his sole discretion determines after reasonable inquiry to be in the best interest of the Company and its Stockholders, including but not limited to filing with the Nevada Secretary of State a *Certificate of Withdrawal of Certificate of Designation*.

## OMNIBUS RESOLUTION

RESOLVED, that subject to the foregoing resolutions, the appropriate officers of this Company are authorized and directed to take all actions and do all other acts which they, in their sole discretion, deem appropriate and advisable in order to

accomplish and carry out the intent of the foregoing resolutions or to advance the best interests of the Company and its Stockholders;

FURTHER RESOLVED, that any and all such actions taken by the appropriate officers of this Company should be and are in fact ratified, confirmed, approved, and adopted as the official acts and deeds of the Company.

IN WITNESS WHEREOF, this Resolution of the Board of Directors of Bakken Resources, Inc. was executed, adopted, and filed this _____ day of July, 2016.


_____
ALLAN G. HOLMS
Director, Bakken Resources, Inc.

_____
TODD JENSEN
Director, Bakken Resources, Inc.


_____
ALLEN COLLINS
Director, Bakken Resources, Inc.

July 20, 2016

Wells Fargo Bank
Helena, MT

     Re:    **Bakken Resources, Inc.**

To Whom It May Concern:

     I am the duly authorized president of Bakken Resources, Inc. (the "Company"), as evidenced by the attached.

     This is to inform you that the Board terminated the employment of the Company's previous Chief Financial Officer/Acting President Dan Anderson and the former Corporate Secretary Karen Midtlyng and removed them as officers of the Company.

     As an officer of the Company, it is my duty to ensure that the interests of the Company and its shareholders are protected. Accordingly, I have been authorized and directed by the Board:

-     *"[T]o close any and all of the Company's now-existing banking account(s) as soon as is practicable";*

-     *"[T]o re-establish such banking account(s)";*

-     *"[T]o execute, in the name of and on behalf of the Corporation, any form of authorization of corporate signatures or signature card required by any such banking institution in order to establish such account(s)"; and*

-     *"[T]o sign or endorse all checks, drafts, other orders for payment of money, notes or other evidences of indebtedness that are issued in the name of or payable to the corporation."*

Accordingly, you are requested to:

1.   Cancel any and all existing debit and/or credit cards issued on the Corporation's account(s), including but not limited to any debit and/or credit cards issued to Dan Anderson and/or Karen Midtlyng, effective immediately.

2.   Remove all previously authorized signatories on any and all of the Corporation's account(s), including but not limited to Dan Anderson and/or Karen Midtlyng.

Very truly yours,

ALLAN G. HOLMS
President, Bakken Resources, Inc.

July 20, 2016

Mr. Wesley J. Paul
Paul Law Group, LLP
41 Madison Avenue, 25th Floor
New York, New York 10010

       Re:   Bakken Resources, Inc.

Dear Mr. Paul:

Bakken Resources, Inc. ("BRI" or the "Company") has determined that it is in its interests to terminate your legal services and representation, effective immediately.

Therefore, please prepare the Company's complete client file, including but not limited to any and all client documents, communications, emails, notes, reports, memoranda, correspondence, research, and all other documents related to your representation of BRI. To protect the Company's interests, you are additionally requested to provide a Litigation Summary identifying any pending litigation involving BRI. Further, the Company requires a full and final accounting from you, including the Company's written engagement letter, fee agreement, and itemized monthly billing statements, plus a refund of any unearned advance fee.

You are to deliver the Company's client files, Litigation Summary, and final accounting by no later than noon on Friday, August 5, 2016 to:

Bakken Resources, Inc.
c/o Dunn & Black, P.S.
111 N. Post St., Ste. 300
Spokane, WA 99201

Be advised that the Company will not waive its attorney-client privilege or consent to any disclosure by you of BRI's confidential information. Indeed, you are expected to

Mr. Wesley J. Paul
July 20, 2016
Page 2

fully and promptly comply with your ethical and fiduciary obligations to the Company as
your former client.

Regards,


ALLAN G. HOLMS
Director, Bakken Resources, Inc.


TODD JENSEN
Director, Bakken Resources, Inc.


ALLEN COLLINS
Director, Bakken Resources, Inc.

July 20, 2016

Mr. Dan Anderson
Bakken Resources, Inc.
825 Great Northern Blvd., # 304
Helena, Montana 59601

Dear Mr. Anderson:

Effective immediately, your employment with Bakken Resources, Inc. is terminated.  You are to immediately relinquish your keys, key cards, telephone, business credit card, and any other Corporation property in your possession to the officer who has served you with this notice.  Additionally, you are to promptly vacate the premises and henceforth are not authorized to be on the premises in the future at any time for any reason.

_____
ALLAN G. HOLMS
Director, Bakken Resources, Inc.

_____
TODD JENSEN
Director, Bakken Resources, Inc.

_____
ALLEN COLLINS
Director, Bakken Resources, Inc.

July 20, 2016

Ms. Karen Midtlyng
Bakken Resources, Inc.
825 Great Northern Blvd., # 304
Helena, Montana 59601

Dear Ms. Midtlyng:

Effective immediately, your employment with Bakken Resources, Inc. is terminated. You are to immediately relinquish your keys, key cards, telephone, business credit card, and any other Corporation property in your possession to the officer who has served you with this notice. Additionally, you are to promptly vacate the premises and henceforth are not authorized to be on the premises in the future at any time for any reason.


_____              _____
ALLAN G. HOLMS                         TODD JENSEN
Director, Bakken Resources, Inc.       Director, Bakken Resources, Inc.


_____
ALLEN COLLINS
Director, Bakken Resources, Inc.

July 20, 2016

Ms. Amanda Cardinalli
Nevada Agency and Transfer Company
50 West Liberty St., Ste. 880
Reno, NV 89501

     Re:   **Bakken Resources, Inc.**

Dear Ms. Cardinalli:

     This is to advise you of certain recent changes at Bakken Resources, Inc. ("BRI" or the "Company"). First, the Company terminated former Corporate Counsel Wesley J. Paul. Because Mr. Paul no longer represents BRI, you are to have no further contact with him or his firm regarding the Company. In addition, the Company appointed new corporate officers. Please provide a new Signature Form for the Company's stock certificates and confirm that you have updated BRI's Company Information Form to reflect those changes.

     Thank you in advance for your full cooperation in this matter.

           Regards,

ALLAN G. HOLMS            TODD JENSEN
Director, Bakken Resources, Inc.     Director, Bakken Resources, Inc.

           ALLEN COLLINS
           Director, Bakken Resources, Inc.

July 20, 2016

Mr. Oliver H. Goe
Browning, Kaleczyc, Berry, & Hoven, P.C.
800 North Last Chance Gulch, Ste. 101
P.O. Box 1697
Helena, MT 59624

Re:   Bakken Resources, Inc. v. ProLand Services, LLC, et al, U.S.D.C. for
the District of Montana Case No. 6:15-cv-65-SEH
Bakken Resources, Inc. v. Val M. Holms, Lewis & Clark County
(Montana) District Court Case No. CDV-2015-954

Dear Mr. Goe:

This is notice to you that Bakken Resources, Inc. ("BRI" or the "Company") is
instituting a "Litigation Hold" effective immediately with respect to any and all pending
litigation involving BRI, including but not limited to the above-captioned matters. This
requires you to cease any work effort or services that you are presently engaged in on
behalf of BRI.

Further, be advised that the Company terminated former Corporate Counsel
Wesley J. Paul. Because Mr. Paul no longer represents BRI, you are to have no further
contact with him or his firm regarding any matters relating to your representation of the
Company.

Thank you in advance for your full cooperation in this matter.

Regards,


ALLAN G. HOLMS                    TODD JENSEN
Director, Bakken Resources, Inc.  Director, Bakken Resources, Inc.


ALLEN COLLINS
Director, Bakken Resources, Inc.

July 20, 2016

Mr. Paul J. Anderson
Maupin, Cox & LeGoy, PC
P.O. Box 30000
Reno, NV 89520

Re:   <u>Graiwer, et al v. Holms, et al</u>, Washoe County (Nevada) District Court
      Case No. CV14-00544; consolidated with
      <u>Holms v. Bakken Resources, Inc.</u>, Washoe County (Nevada) District
      Court Case No. CF16-01086

Dear Mr. Anderson:

This is notice to you that Bakken Resources, Inc. ("BRI" or the "Company") is instituting a "Litigation Hold" effective immediately with respect to any and all pending litigation involving BRI, including but not limited to the above-captioned matters. This requires you to cease any work effort or services that you are presently engaged in on behalf of BRI.

Further, be advised that the Company terminated former Corporate Counsel Wesley J. Paul. Because Mr. Paul no longer represents BRI, you are to have no further contact with him or his firm regarding any matters relating to your representation of the Company.

Thank you in advance for your full cooperation in this matter.

Regards,


_____          _____
ALLAN G. HOLMS                       TODD JENSEN
Director, Bakken Resources, Inc.     Director, Bakken Resources, Inc.


                                     _____
                                     ALLEN COLLINS
                                     Director, Bakken Resources, Inc.

July 20, 2016

Mr. Matthew C. Addison
McDonald Carano Wilson LLP
100 West Liberty St., 10th Floor
Reno, NV 89501

      Re:    Graiwer, et al v. Holms, et al, Washoe County (Nevada) District Court
                    Case No. CV14-00544; consolidated with
                    Holms v. Bakken Resources, Inc., Washoe County (Nevada) District
                    Court Case No. CF16-01086

Dear Mr. Addison:

      This is notice to you that Bakken Resources, Inc. ("BRI" or the "Company") is
instituting a "Litigation Hold" effective immediately with respect to any and all pending
litigation involving BRI, including but not limited to the above-captioned matters.  This
requires you to cease any work effort or services that you are presently engaged in on
behalf of BRI.

      Further, be advised that the Company terminated former Corporate Counsel
Wesley J. Paul.  Because Mr. Paul no longer represents BRI, you are to have no further
contact with him or his firm regarding any matters relating to your representation of the
Company.

      Thank you in advance for your full cooperation in this matter.

                    Regards,


_____     _____
ALLAN G. HOLMS               TODD JENSEN
Director, Bakken Resources, Inc.     Director, Bakken Resources, Inc.


                        _____
                        ALLEN COLLINS
                        Director, Bakken Resources, Inc.

July 20, 2016

Mr. Robert F. Greer
Feltman, Gebhardt, Greer Zeinmantz, P.S.
421 West Riverside Ave., Ste. 1400
Spokane, WA 99201

Re:   Roil Energy, LLC, et al v. Edington, et al, Spokane County
      (Washington) Superior Court Case No. 12-2-01039-5

Dear Mr. Greer:

This is notice to you that Bakken Resources, Inc. ("BRI" or the "Company") is instituting a "Litigation Hold" effective immediately with respect to any and all pending litigation involving BRI, including but not limited to the above-captioned matters. This requires you to cease any work effort or services that you are presently engaged in on behalf of BRI.

Further, be advised that the Company terminated former Corporate Counsel Wesley J. Paul. Because Mr. Paul no longer represents BRI, you are to have no further contact with him or his firm regarding any matters relating to your representation of the Company.

Thank you in advance for your full cooperation in this matter.

Regards,


ALLAN G. HOLMS                      TODD JENSEN
Director, Bakken Resources, Inc.    Director, Bakken Resources, Inc.



                                    ALLEN COLLINS
                                    Director, Bakken Resources, Inc.

July 20, 2016

Ms. Karen Midtlyng
Bakken Resources, Inc.
825 Great Northern Blvd., # 304
Helena, Montana 59601

Dear Ms. Midtlyng:

Effective immediately, your employment with Bakken Resources, Inc. is terminated. You are to immediately relinquish your keys, key cards, telephone, business credit card, and any other Corporation property in your possession to the officer who has served you with this notice. Additionally, you are to promptly vacate the premises and henceforth are not authorized to be on the premises in the future at any time for any reason.

ALLAN G. HOLMS
Director, Bakken Resources, Inc.

TODD JENSEN
Director, Bakken Resources, Inc.

ALLEN COLLINS
Director, Bakken Resources, Inc.

https://www.sec.gov    rchives/edgar/data/1450390/0001206774160...

8-K 1 bakken_8k.htm CURRENT REPORT

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

FORM 8-K

CURRENT REPORT

Pursuant to Section 13 or 15(d) of
the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported): May 6, 2016

**Bakken Resources, Inc.**
(Exact name of registrant specified in charter)

| Nevada | 000-53632 | 26-2973652 |
|---|---|---|
| (State of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

1425 Birch Ave., Suite A, Helena, MT 59601
(Address of principal executive offices) (Zip Code)

(406) 442-9444
Issuer's Telephone Number

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

[ ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[ ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

[ ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

[ ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

EXHIBIT

B

**Item 1.02 Termination of Material Definitive Agreement.**

The Employment Agreement dated March 12, 2013 between Val M. Holms and Bakken Resources, Inc. ("Bakken," "us," "we," or the "Company"), was terminated. *See* Item 8.01 of this Current Report for additional information relating to the termination of this Agreement.

**Item 5.02 Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensation Arrangements of Certain Officers.**

Val M. Holms' position as Chief Executive Officer ("CEO") of the Company has been terminated by the Board of Directors (the "Board") of the Company.

**Item 8.01 Other Events.**

On May 6, 2016, Bakken's Board made certain determinations based on its internal investigation. Bakken announced the internal investigation in a Current Report on Form 8-K filed with the U.S. Securities and Exchange Commission ("SEC") on March 30, 2015. The internal investigation resulted in the Company's engagement of Shirley Spira, a New York fraud investigations attorney, as the independent investigator. As a result of the internal investigation, Bakken's CEO, President, and Chairman of the Board, Val Holms, took an indefinite leave of absence starting March 24, 2015. Mr. Holms' leave of absence is governed by a Leave of Absence Agreement also dated March 24, 2015 (the "LOAA").

The initial report of independent investigator Spira was provided to Bakken in August 2015, and Mr. Holms was provided with a copy of Ms. Spira's report. Mr. Holms responded to Ms. Spira's report in September 2015. Ms. Spira filed a supplement and reply to her report in October 2015. Following Ms. Spira's October 2015 supplement, the Company engaged additional forensic accountants, as recommended in Ms. Spira's initial report. In November 2015, the Company requested certain additional materials from Mr. Holms that he has not yet provided. The Spira report also made certain other recommendations, and the Board continues to evaluate them in light of the Company's recent engagement of new auditors. The report of the forensic accountants was completed in March 2016. The Board met telephonically after completion of the forensic accounting report and determined that an in-person meeting was necessary to review all materials and discuss the Board's findings. Such in-person meeting was held in early May 2016.

The Board's findings included the following:

1.  Mr. Holms received $200,000 of Company funds as kickback payment in 2011 relating to a transaction commonly referred to as the "Duck Lake Transaction." The Duck Lake Transaction was first disclosed by the Company in a Current Report on Form 8-K filed with the SEC on September 27, 2011. The Company originally paid $250,050 for the Duck Lake Transaction.

2.  Mr. Holms acted without proper authority in executing the "Big Willow Lease," which the Company first disclosed in a Current Report on Form 8-K with the SEC on July 15, 2014. The Big Willow Lease contemplated the payment of $675,000 in bonus payments which the Company has paid in full.

3.  Mr. Holms knowingly participated in providing false information to the Company's auditors in March 2011 relating to a non-existent $30,000 transaction in Texas.

4.  Mr. Holms has breached the LOAA on numerous occasions. The nature of these breaches relates to certain of Mr. Holms' actions aimed at terminating the internal investigation into his conduct, and also in part to certain confidential communications. Such communications are part of a shareholder derivative litigation filed by Manuel Graiwer and T.J. Josky in Reno, Nevada, and so cannot be fully disclosed at this time.

As a result of the Board's findings, the Board terminated Mr. Holms from his positions with the Company as President and CEO, for cause. This termination was effective as of May 6, 2016.

Additional materials relating to the investigation may be forthcoming. As a result, the investigation remains on-going, and Mr. Holms' LOAA continues to apply to him as Chairman. Bakken continues to treat the reports issued in connection with the internal investigation as confidential. We intend to fully cooperate with any forthcoming government or regulatory investigation, enforcement action, or prosecution that may result. The Company reserves all rights it has in law and equity to recover costs, expenses, and damages as a result of the Board's findings.

https://www.sec.gov/...chives/edgar/data/1450390/0001206774160...

SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Bakken Resources, Inc.

By: /s/ Dan Anderson
Dan Anderson
Chief Financial Officer
May 11, 2015

March 24, 2015

Dear Val:

As we discussed, it is in the best interest of Bakken Resources, Inc. (the "BRI" or the "Company") if you take a voluntarily leave of absence pending the conclusion of the various investigations which are presently taking place and in particular the special investigation being conducted by the independent investigator, Shirley Spira (the "Investigation"). Your willingness to do so is appreciated, will ensure the integrity of the investigations, and will send a strong message to regulatory authorities. As we agreed, during your voluntary leave of absence, the following conditions will be in effect:

1. Val will take a leave of absence from BRI with respect to all his positions with BRI, effective immediately, until the conclusion of the Investigation and the results of such investigation are presented to the Board.

2. Following the conclusion of the Investigation, Val's status will be reviewed based on the results of such investigation.

3. Val agrees to cooperate with the investigation and assist in other matters that may be reasonably requested by BRI during the leave.

4. BRI agrees to cooperate with the investigation and not cause any undue delay in the conclusion of the Investigation.

5. Val agrees not to interfere with BRI's business/operations during the period of his leave of absence. Val is permitted to work on any project during his leave provided that he does not interfere with BRI's business/operations during this time.

6. BRI agrees to cooperate with Val in connection with his preparation for matters relating to the Graiwer lawsuit (and any other lawsuit, threatened or pending). Val will also cooperate as well as reasonably requested by BRI.

7. The duties of the CEO will be assumed by the Board during the time of Val's leave of absence.

8. Val will continue to be paid his regular salary and all usual benefits during the leave.

9. Val will continue to be paid his override rights (in favor of Holms Energy, LLC) during the leave. Such payment will be done as soon as possible with supporting documentation as may be requested by Val.

10. Val will continue to be paid for any production coming from the Three Forks formation for minerals that were originally conveyed from Tall Reserve Consortium (now HEDC) to BRI. Such payment will be done as soon as possible with supporting documentation as may be requested by Val.



EXHIBIT
C

11. Val will receive a copy of the draft 10K for 2014 at least three (3) days prior to anticipated filing for his review and comment.

12. Any announcement relating to Val's leave should be provided to Val first prior to filing. Val expects that the 8-K announcing his leave will indicate that he is taking a leave for health reasons and to cooperate with the investigation. Val will have a right to include a short quote in connection with such 8-K, subject to review and approval by company counsel. Suggested quote, "At this time, I plan to take a short leave of absence to allow my health to continue to improve and also to cooperate with the current company investigation. I am pleased that the Company continues to make progress in this difficult environment for oil and gas companies; and I look forward to bringing new projects to the Company."

If at any time during your voluntarily leave of absence you fail to meet these agreed upon understandings or conditions as they relate to you, you understand that the Board may reconsider your status.

We at BRI appreciate that you have taken the investigations seriously and understand the position BRI is in. We will advise you when the investigations have been concluded and will provide you with a copy of the investigators' findings and recommendations prior to making any final decisions as to your status.

The Agreements herein shall be confidential to the fullest extent permitted by law.

Should you have any questions, please direct all inquiries to outside counsel for BRI, Oliver Goe at Browning, Kaleczyc, Berry & Hoven, P.C. or Wesley J. Paul at Paul Law Group, LLP.

Very truly yours,

Dan Anderson
CFO, Bakken Resources, Inc.

Agreed and Accepted:

Val M. Holms

https://www.sec.go    ʳchives/edgar/data/1450390/0001206774160...

8-K 1 bakken_8k.htm CURRENT REPORT

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**WASHINGTON, D.C. 20549**

**FORM 8-K**

**CURRENT REPORT**

Pursuant to Section 13 or 15(d) of
the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported): May 6, 2016

**Bakken Resources, Inc.**
(Exact name of registrant specified in charter)

| Nevada | 000-53632 | 26-2973652 |
|---|---|---|
| (State of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

1425 Birch Ave., Suite A, Helena, MT 59601
(Address of principal executive offices) (Zip Code)

(406) 442-9444
Issuer's Telephone Number

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (see General Instruction A.2. below):

[ ] Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

[ ] Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

[ ] Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

[ ] Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))



EXHIBIT
D

https://www.sec.go    chives/edgar/data/1450390/0001206774160...

**Item 1.01 Entry into a Material Definitive Agreement**

Bakken Resources, Inc. ("Bakken," "our," or the "Company") entered into a loan agreement with Eagle Private Equity ("Eagle") on May 6, 2016. The loan agreement permits the Company to draw up to One Million dollars ($1,000,000) from a non-revolving credit facility provided by Eagle (the "Facility"). The Facility is initially open for 270 days but may be extended at the Company's option. Loans drawn on the Facility accrue interest at 4% above LIBOR, and the Facility includes a 5% fee. Any loans on the Facility are due on May 5, 2018. In certain events, the loan agreement permits Eagle to put loans to the Company up to the balance of the Facility.

The Facility is unsecured, but upon certain triggering events generally described as changes in control of the Company, loans under the Facility are convertible into shares of a newly-designated class of the Company's Series A Preferred stock, described below under Item 5.03 of this Report.

The loan agreement contains representation and warranties of the Company that are customary for transactions of this type.

**Item 5.03 Amendments to Articles of Incorporation or Bylaws; Change in Fiscal Year.**

On May 6, 2016, the Company filed a Certificate of Designation with the Nevada Secretary of State. The Certificate of Designation creates a series of preferred stock comprised of one million (1,000,000) shares designated "Series A Preferred" pursuant to Article IV of our Articles of Incorporation, which authorizes up to ten million (10,000,000) shares of preferred stock by resolution of the Board of Directors ("Board").

Series A Preferred rights, designations, preferences and terms include (but are not limited to):

1. Dividends: The Series A Preferred participates with Common Stock ("Common") and gives the Board discretion to issue separate Series A Preferred dividends not available to Common.

2. Liquidation: Priority over Common upon a Liquidation Event up to twice the initial price per share for each share of Series A Preferred, participating with Common thereafter.

3. Voting: Each share of Series A Preferred votes with Common and has one vote for each share of Common into which each stock of Series A Preferred is convertible (initially 100 shares of Common).

4. Conversion: Holders of Series A Preferred may elect to convert each such share into one hundred (100) shares of Common, subject to Bakken's authorized limit of Common shares and any applicable adjustment to shares of Series A Preferred contained in the Certificate of Designation.

5. Anti-Dilution Protection: Series A Preferred is protected by "full-ratchet" anti-dilution rights for the first Ten Million dollars ($10,000,000) in equity financing raised by the Company following the closing of the Facility. After such full ratchet period, adjustment to the conversion price will be based on the "weighted average" formula described in the Certificate of Designation.

6. Limitations: The Series A Preferred must vote as a class in order to approve certain events outside the course of normal business.

https://www.sec.gov      chives/edgar/data/1450390/0001206774160...

7.   Registration Rights: Converting shares of Series A Preferred into Common shares entitles the holders of the converted Common shares to register those shares with the SEC, in accordance with and subject to the terms of Section D of the Certificate of Designation.

The Board reserves all rights concerning the remaining nine million (9,000,000) preferred shares reserved under Article IV of the Company's Articles of Incorporation and any shares that may be redeemed, retired, cancelled or amended relating to Series A Preferred.

A copy of the Certificate of Designation for Series A Preferred is attached hereto as Exhibit 3.1

**Item 9.01 Financial Statements and Exhibits.**

   (d)   Exhibits


Exhibit 3.1   Certificate of Designation for Series A Preferred Stock of Bakken Resources, Inc. (filed on May 6, 2016 with the Nevada Secretary of State)

https://www.sec.gov   chives/edgar/data/1450390/0001206774160...

**SIGNATURES**

Pursuant to the requirements of the Securities Exchange Act of 1934, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Bakken Resources, Inc.

By: /s/ Dan Anderson
Dan Anderson
Chief Financial Officer
May 10, 2016

July 21, 2016

To Whom It May Concern:

   Re:  Bakken Resources, Inc.

My name is Carl George. I am the principal of Eagle Private Equity. This matter concerns Bakken Resources, Inc. (the "Company")

The Company entered into and line of credit and investment agreement with Eagle Private Equity on May 6, 2016. The Line of Credit was for up to $1,000,000 and is intended for acquisitions by the Company.

Eagle's may convert loans it makes to the Company into equity in the event that certain "Triggering Events" occur.

**Two separate Triggering Events occurred on July 20, 2016.**

First: A Triggering Event is "any transaction or series of related transactions whereby following such transactions, a majority of the members of the Company's Board of Directors existing prior to such transactions are either replaced or no longer constitute a majority of the Company's Board of Directors."

Second: A Triggering Event is also "any transaction or series of related transactions resulting in or reasonably likely to result in the acquisition of "control shares" as defined and subject to Nevada Revised Statutes 78.378 et al., assuming for the purposes of this section that the Company is an "issuing corporation" as defined under such statutes."

As a result of Triggering Events that took place on July 20, 2016, Eagle exercised its rights and obtained 600,000 shares of Series A Preferred Stock.

Series A Preferred Stock has the right to vote at least 100 shares of common for each 1 share of Series A Preferred. Thus, Eagle's currently has the voting equivalent of 60 million shares of common stock.

Eagle's equity holdings constitute a majority of the voting power of the Company's stock. Any representation by Allan Holms or his associates to claim that they hold directly or by proxy a majority of the issued and outstanding equity of the Company is FALSE. Any actions taken by Allan Holms or his business associates on or after July 20, 2016 relating to the Company are unauthorized and legally improper.

        Sincerely,

        Carl George
        EAGLE PRIVATE EQUITY, LLC



EXHIBIT

E

July 20, 2016

Bakken Resources, Inc.
1425 Birch Ave., Suite A
Helena, MT 59601

Attention: Mr. Dan Anderson
            Chief Financial Officer

            Re:   Put Notice

Ladies and Gentlemen:

Section 1.1(e) of the Convertible Loan Credit Agreement between Bakken Resources, Inc. and Eagle Private Equity, LLC dated May 6, 2016, Eagle Private Equity "to put the convertible debt to the Company in an amount totaling up to the maximum amount remaining of the convertible debt Facility."

Exhibit A to the Option Agreement (which is attached to the Convertible Loan Credit Agreement as Exhibit B) states:

'Triggering Event' means the earliest to occur of:

... "any transaction or series of related transactions whereby following such transactions, a majority of the members of the Company's Board of Directors existing prior to such transactions are either replaced or no longer constitute a majority of the Company's Board of Directors....

"any transaction or series of related transactions resulting in or reasonably likely to result in the acquisition of "control shares" as defined and subject to Nevada Revised Statutes 78.378 et al., assuming for the purposes of this section that the Company is an "issuing corporation" as defined under such statutes."

We believe that based on information we reviewed, a Triggering Event has occurred.

Pursuant to the above referenced language, we hereby elect to put the amount of $600,000 of the loan to Bakken Resources, Inc., effectively immediately.

Sincerely,

EAGLE PRIVATE EQUITY, LLC

_____
Name: Carl George

Title: CEO

Address for delivery of Certificates:

630 Fifth Avenue
20th Floor
New York, NY 10111

Acknowledged and confirmed on behalf of
Bakken Resources, Inc., by:

_____
Dan Anderson, Chief Financial Officer

July 20, 2016

Bakken Resources, Inc.
1425 Birch Ave., Suite A
Helena, MT 59601

Attention: Mr. Dan Anderson
            Chief Financial Officer

Re:   Notice of Conversion

Ladies and Gentlemen:

The undersigned hereby elects to purchase by means of converting existing loans, 600,000 shares of Series A Convertible Preferred shares ("Shares") of BAKKEN RESOURCES, INC., pursuant to the terms of the Option Agreement and payment of the Exercise Price per Share required under such Option accompanies this notice.

Exhibit A to the Option Agreement states:

*'Triggering Event' means the earliest to occur of:*

*... "any transaction or series of related transactions whereby following such transactions, a majority of the members of the Company's Board of Directors existing prior to such transactions are either replaced or no longer constitute a majority of the Company's Board of Directors....*

*"any transaction or series of related transactions resulting in or reasonably likely to result in the acquisition of "control shares" as defined and subject to Nevada Revised Statutes 78.378 et al., assuming for the purposes of this section that the Company is an "issuing corporation" as defined under such statutes."*

Such Triggering Event occurred on July 20, 2016. The undersigned hereby represents and warrants that the undersigned is acquiring such Shares for its own account for investment purposes only, and not for resale or with a view to distribution of such Shares or any part thereof.

Option Holder:
EAGLE PRIVATE EQUITY, LLC

Name: Carl George
Title: CEO

Address for delivery of Certificates:

630 Fifth Avenue
20th Floor
New York, NY 10111

Date: July 20, 2016

Name in which shares should be registered:

Eagle Private Equity, LLC